## UNITED STATES v. HARMAN.

(District Court, D. Kansas, First Division. June 1, 1895.)

No. 2,584.

CRIMINAL PROCEDURE—ERRONEOUS SENTENCE.

Where a sentence different from that authorized by law, has been imposed on a defendant convicted of a criminal offense, and, for such error, the judgment is reversed, and the cause remanded to the trial court, with instructions to proceed therein according to law, such trial court resumes jurisdiction of the cause, and has authority to resentence the defendant, and impose the penalty provided by law, notwithstanding part of the void sentence has been executed.

The defendant, Moses Harman, was indicted in the United States district court at Leavenworth, Kan., in 1888, for depositing in the mails of the United States an obscene paper, in violation of section 3893, Rev. St., amended. On trial before a jury he was found guilty, and thereupon sentenced by the court to "be imprisoned in the Kansas state penitentiary for five years, and that he pay a fine of $300." On writ of error, sued out to the United States circuit court, under Act Cong: March 3, 1879 (20 Stat. 354, c. 176), this judgment was reversed, for the reason that the statute directs that the imprisonment must be "at hard labor," which words were omitted from the sentence. The cause was remanded "with instructions to proceed therein according to law." See 50 Fed. 921. By assignment, the cause comes before me on motion of the district attorney for resentence of the defendant.

W. C. Perry, U. S. Atty.
David Overmeyer, for defendant.

PHILIPS, District Judge (after stating the facts). It would be an idle labor for this court to enter upon an enlarged discussion of the distinction between erroneous, or voidable, and void judgments. As applied to the facts of this case, the ruling of the United States circuit court judge, on writ of error, is, that the omission of the trial court, in the sentence, of the words "at hard labor" rendered "the judgment absolutely void." Harman v. U. S., 50 Fed. 922. The principles of law are reviewed in Re Bonner, 151 U. S. 242, 14 Sup. Ct. 323. The solicitor general, on behalf of the government, with vigorous insistence, sought to have the court hold that, where the trial court erred in imposing a sentence different from that prescribed by the statute, the sentence was only voidable, and, therefore, only reversible for error, in contradistinction to a void judgment. But the court, through Mr. Justice Field, combated and overruled the contention, and distinctly held that after verdict of guilty the only sentence both "as to the extent or the mode or the place of it" the court can give is one in conformity to the statute. The learned justice said: "The proposition put forward by counsel that, if the court has authority to inflict the punishment prescribed, its action is not void, though it pursues any form or mode which may commend

itself to its discretion, is certainly not to be tolerated." Logically, therefore, it can make no difference whether the sentence imposes a greater or less punishment in severity than that prescribed by statute. It is the departure from "the extent or form" prescribed by law that nullifies it, because of the lack of power in the court to impose any other sentence, both as to extent and manner of executing it, than the statute directs. Woodruff v. U. S., 58 Fed. 766, and citations.

On the authority of the Bonner Case this defendant would have been discharged on writ of habeas corpus, because the sentence of the court to imprisonment, without the words "at hard labor," was a nullity, for want of power to so limit it. It must, therefore, logically follow that in respect of the imprisonment the case stands as if no judgment had been entered.

The cause being remanded by the circuit court judge, "with instruction to proceed therein according to law," the only question this court has now to determine is, what is the proceeding authorized by law? Did the circuit court mean that this court should now turn the defendant loose, unpunished for the offense of which he stands found guilty by the verdict of a lawful jury? The cause is not here for trial de novo. There was no error in the former trial. The whole proceedings up to and including the return and recording of the verdict were regular and lawful.

Whatever may be the diversity of opinion in different jurisdictions, the rule is well established in the federal courts that in a case situated like this the trial court resumes jurisdiction of the case precisely at the point where the error supervened, which was after verdict, and it proceeds to render such judgment as it was authorized to render by the statute on such a verdict. In Coleman v. Tennessee, 97 U. S. 509–519, the prisoner was released on writ of habeas corpus from a sentence of a state court for homicide, for the reason that he was a soldier in the regular army at the time of the commission of the offense, and was not amenable to the jurisdiction of the civil courts. But the court held that, inasmuch as he was under sentence of a military court-martial for murder growing out of the same offense, he should not be set at liberty, but was ordered to "be delivered up to the military authorities of the United States, to be dealt with as required by law." In Reynolds v. U. S., 98 U. S. 145 (note on page 168) the petitioner had been sentenced to imprisonment at hard labor, when the act of congress under which the indictment was found provided for punishment by imprisonment only. The cause was remanded "with instruction to cause the sentence of the district court to be set aside, and a new one entered on the verdict in all respects like that before imposed, except so far as requires the imprisonment to be at hard labor." In Re Bonner, supra, the court discusses the direct question under consideration, as to the course to be pursued in such a case, and it quotes with approval the language of the supreme court of Pennsylvania in Beale v. Com., 25 Pa. St. 11, 22:

"The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner whose guilt is established by a regular verdict is to escape punishment altogether because the court commit-

ted error in passing sentence. If this court sanctions such a rule it would fail to perform the chief duty for which it was established."

And although Bonner had been imprisoned wrongfully in that case, in the penitentiary, he was discharged "without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law, upon the verdict against him."

The final contention of the learned counsel for the defendant here is that inasmuch as the defendant was in the penitentiary, under the former sentence of the district court, for a period of four months before the case was reversed on writ of error, he cannot again be imprisoned, because to do so would be to subject him to a double punishment for the same offense. The case of In re Lange, 18 Wall. 163, is principally relied upon in support of this contention. In that case the court imposed both a fine and imprisonment, when the statute only conferred power to punish by fine or imprisonment. The fine having been paid, the prisoner was discharged, and set at liberty from the penalty of imprisonment; and the language of Mr. Justice Miller, on page 169, must be understood in reference and restrained to the particular facts under discussion. The prisoner, by paying the fine, had suffered the full penalty of one of the alternative sentences, and, therefore, to punish him corporeally by imprisonment would have been a cumulative penalty, which the law does not tolerate. He had satisfied to the full the demands of the law when he paid the fine. It is a well-recognized rule of criminal practice that, where a judgment is arrested on motion of the accused, the plea of autrefois convict will not lie. Where a prisoner is in jail temporarily, awaiting the result of his appeal or writ of error, he cannot avail himself of the penalty thus suffered as a plea against a trial de novo, and sentence thereunder. The sentence of the court under which the defendant went to prison was void. It was the same in legal effect as if it had been rendered by a justice of the peace or a United States commissioner, or the same as if the circuit court had ordered the defendant to be transported or hanged. Such a judgment would be coram non judice, and in contemplation of law would be the same as if never rendered; and the defendant would stand as if he had gone voluntarily and surrendered himself to the warden of the prison. This is the inevitable, logical conclusion from the very premise on which the circuit judge discharged the defendant from the sentence of the district court. He has not paid the fine imposed upon him, nor has he suffered any penalty the court could lawfully impose upon him. It must, therefore, result that the defendant is subject to resentence on the verdict returned against him.

Out of regard for the infirmity of the defendant, and with the hope that he may not persist in opposing his individual opinion as to what the law ought to be against what the courts declare it to be, and thereby invite further trouble, I shall modify the measure of punishment the trial court sought to mete out to the defendant, by directing sentence to be entered that he be imprisoned, at hard labor, in the penitentiary of the state of Kansas, for one year and one day from this date.