# FRANK AKI *v.* MARY AKI.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 2, 1911.　　　　　　　DECIDED OCTOBER 7. 1911,

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

JUDGMENT—*void decree may be set aside.*

> A decree of divorce rendered by a circuit judge without having acquired jurisdiction of the person of the libellee is void and may be set aside and vacated under the circumstances in this case.

PROCESS—*service—acceptance of.*

> An attorney for a party in one case has no authority to accept service of process for the party in another case in which he is not attorney for the party and has not been specially authorized to accept service.

### OPINION OF THE COURT BY DE BOLT, J.

This is an appeal from an order of a circuit judge vacating and setting aside a decree of divorce granted to the libellant on the ground of alleged adultery of the libellee.

The libel for divorce was filed June 7, 1911, and on the same day attorney H. G. Spencer, assuming to act for the libellee, endorsed on the summons the following: "Service of a copy of the within libel is hereby accepted. H. G. Spencer, atty. for Mary Aki." Upon this record, on July 8, the libellant being present in court, but there being no appearance by or on behalf of the libellee, the circuit judge proceeded to a hearing and granted the decree in question.

On July 14, the libellee filed her motion to vacate and set aside the decree on the ground that the circuit judge was without jurisdiction to proceed to a hearing and decree for the reason that she had not been served with process and that she had not appeared in the suit.

The libellee, in support of the motion, filed her affidavit, which, in substance, so far as it pertains to the question now before the court, is, that having begun a suit against her hus-

band, the libellant, for separation, which suit was pending before the circuit judge on June 7, 1911, she, together with H. G. Spencer, who was then her attorney, had occasion to attend before the circuit judge on the date just mentioned concerning a matter of temporary alimony involved in that suit, and while they were in or near the courtroom of the circuit judge, Spencer was handed a certain paper document, the nature of which he did not then or at any time explain to her; that Spencer was not authorized by her to accept service of process in the present suit, nor was he at any time her attorney in this suit.

The libellant, in opposition to the motion, filed the affidavits of H. G. Spencer and J. Alfred Magoon. The affidavit of Mr. Spencer, in substance, is that he was present in the courtroom of the circuit judge on June 7, 1911, and that he was then and there acting as the attorney for Mary Aki in her suit for separation from her husband; that she was then present in the courtroom and sitting beside affiant at one of the tables provided for attorneys; that at the same time and place J. Alfred Magoon stated in open court, in the hearing of Mary Aki, that he had filed a libel for divorce on behalf of Frank Aki against Mary Aki on the ground of adultery with a Chinese; that then and there a certified copy of the summons and libel attached was served on Mary Aki by placing the same in front of her on the table; that affiant picked up the libel from the table, glanced it over and said to her that it was a suit for divorce by her husband against her and that the suit would come up for hearing in thirty days from that date, and thereupon, in her presence, and on her behalf, affiant accepted service of said summons and libel; that she was fully aware of the nature of the suit for divorce, and all that affiant did was with her full knowledge, sanction and approval.

The affidavit of Mr. Magoon is, in substance, that on June 7, 1911, he filed a libel for divorce in the circuit court of the first circuit on behalf of the libellant, against the libellee; that at the time the libellee was in the courtroom of the circuit judge

and it was suggested in the hearing of the libellee that the cost of service could be saved if summons should be delivered to the libellee and she accept service; that the libellee was then sitting at one of the attorneys' tables in the courtroom and summons was delivered to her by placing the same in front of her on the table; that then and there the attorney for Mary Aki, H. G. Spencer, took up the summons and libel and glanced it over and spoke to her; that thereupon Spencer wrote on the summons acceptance of service.

The libellee, in reply to the affidavits of Messrs. Spencer and Magoon, filed an affidavit, in substance, that it is not true that she was sitting at a table provided for attorneys in the courtroom on the occasion mentioned; that it is not true that any paper or document, whether the same was a copy of the libel and summons herein or otherwise, was then and there, or at all, upon the date mentioned, laid upon the table in front of or in the immediate presence or within the observation of affiant, either with the intention of thereby making service thereof on affiant or of otherwise calling or bringing said document to affiant's attention; that it is not true that Spencer picked up or took up said document from said table in the presence, or within the observation, of affiant; that it is not true that Spencer, having so taken up and examined said document, informed this affiant that the same was a summons or libel or any other document concerned in or with the suit for divorce then filed by the libellant against the libellee; that while she was present in the courtroom she sat, not in any chair at the attorneys' table, but on one of the benches provided for the audience, except when she was called to the witness' stand; that she did not see Spencer, on said occasion, writing upon the original libel or summons and did not know or suspect that he was writing thereon, and especially she did not know or suspect that he was writing thereon what purported to be an acceptance of service upon affiant; that Spencer never informed her that he had so assumed to accept service, and that

she is very imperfectly versed in the use and meaning of the English language, and unable to understand the same except when plainly spoken concerning everyday affairs and free from technical terms.

The circuit judge granted the motion and thereupon entered the order appealed from, vacating and setting aside the decree of divorce. Having carefully examined and considered the record before us we agree with the conclusion reached by the circuit judge. The question before him was, whether Spencer was authorized by the libellee to accept service for her in the divorce suit. The record fails to disclose any such authority, either express or implied. When Spencer says, "all that affiant did was with her full knowledge, sanction and approval," he merely states a bare conclusion, which is not warranted by any fact or matter set forth in his affidavit. He does not say that the libellee directed him to accept service for her, nor does he say that he was employed to represent her in the divorce suit. He was not her attorney in that suit.

It is also contended that the circuit judge has no power to vacate and set aside the decree. We do not so view the matter. The circuit judge having never acquired jurisdiction of the person of the libellee, the decree is absolutely void. 12 Ency. Pl. & Pr. 179. "A court may, at any time, vacate or set aside a judgment which is void, as, for example, a judgment rendered where there was a lack of the necessary jurisdiction, whether through omission or defect of service, or otherwise." 17 Ency. Law, (2d ed.) 825. See also, 23 Cyc. 905; 1 Freeman on Judgments, §98; 2 Bish. Mar. Div. & Sep. §§1545, 1563. The power existing, it seems to us that its exercise in this case is not only proper, but necessary in order that complete justice may be done. The application to vacate the decree was made within one week after it was signed and was made to the same judge who granted it. Neither party has remarried or assumed any relations involving the rights of third or innocent parties.

The appeal is dismissed and the cause is remanded to the circuit judge with directions to proceed not inconsistent with this opinion.

*J. A. Magoon* (*Magoon & Weaver* and *N. W. Aluli* on the brief) for plaintiff.

*C. W. Ashford* for defendant.