IN THE MATTER OF THE APPLICATION OF THOMAS G. SILVA AND Y. ENDO FOR A WRIT OF HABEAS CORPUS.

No. 1018.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

HON. J. W. THOMPSON, JUDGE.

ARGUED MAY 31, 1917.                    DECIDED JUNE 15, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

CRIMINAL LAW—*jurisdiction—costs—excessive sentence.*

A judgment of a district court sentencing a defendant to imprisonment for one year and to pay costs in a certain sum upon a charge of larceny in the second degree is in excess of jurisdiction as to such costs.

HABEAS CORPUS—*exceeding jurisdiction—separable judgments.*

In habeas corpus proceedings the return showed that petitioner was committed to serve one year imprisonment and to pay costs in the sum of $2.50 upon a mittimus issued on a judgment of a district court on the charge of larceny in the second degree: Held, that the judgment as to costs is in excess of the jurisdiction of the court, but the same being separable from the judgment as to imprisonment must be treated as surplusage and the petitioner remanded to serve out the term of imprisonment and to then be discharged.

OPINION OF THE COURT BY QUARLES, J.

The petitioners Thomas G. Silva and Y. Endo were arrested and charged on the 13th day of November, 1916, in the district court of North Kona of the offence of larceny in the second degree, and then and there plead guilty to said charge. Thereupon the district court sentenced each of the petitioners to be imprisoned for a term of one year in jail and to pay the costs taxed against each in the sum of $2.50, and under mittimus they were confined in the jail at Kailua.

To procure their discharge from said imprisonment the petitioners, on December 12, 1916, petitioned to the circuit court of the third judicial circuit for a writ of habeas corpus, which writ was duly issued. The sheriff made return to said writ and as a part thereof the mittimus under which petitioners were confined is attached thereto. After hearing the writ was discharged and the petitioners were remanded to the custody of the respondent sheriff. From the judgment discharging the writ and remanding the petitioners they have appealed to this court.

The principal question before us is whether or not the sentence imposed upon the defendants by the district court is void because in excess of the jurisdiction of the court, inasmuch as to the maximum sentence which may be imposed the court added the sum of $2.50 costs against each of the petitioners. This question is to be determined by the application and interpretation of certain sections of the Revised Laws which are as follows:

"Sec. 2299. Criminal, generally. District magistrates shall have jurisdiction of, and their criminal jurisdiction is hereby limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without hard labor or with or without fine. Provided, however, that they shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury; and, provided, further, that in any case cognizable by a district magistrate as aforesaid in which the accused shall have the right to a trial by jury in the first instance, the district magistrate, upon demand by the accused for such trial by jury, shall not exercise jurisdiction over such case, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused shall not demand a trial by jury in the first instance, the district magistrate may exercise jurisdiction over the same subject to the right of appeal as provided by law."

"Sec. 3932. Degrees; punishment. Larceny is of two degrees, first and second. Larceny of the property of the value of more than fifty dollars is in the first degree, and shall be punished by imprisonment at hard labor not more than ten years.

"All other larceny is in the second degree and shall be punished by imprisonment at hard labor not more than one year, or by fine not exceeding one thousand dollars."

"Sec. 3779. Fees not payable by defendant. It shall not be lawful to take, demand, or receive any court fees for the issuing of any process for or on behalf of any person charged with, or indicted for, any felony or as accessory thereto, or with or for any misdemeanor in any court of criminal jurisdiction; nor shall it be lawful to take, demand or receive any fees from any such person for taking any recognizance of bail, or issuing any writ of habeas corpus, or recording any appearance, or plea to any information, or for discharging any recognizance taken from any such person, or surety or sureties for them, but all costs may be ordered to be paid by the person charged and convicted as part of the judgment."

"Sec. 3853. Execution for costs. Whenever in any criminal case a judgment of fine and costs or either of them, whether with or without imprisonment or other penalty, is imposed, execution may be issued thereon after ten days from the time of judgment as on a judgment in a civil action."

"Sec. 3854. Imprisonment for fine; poor convict. When any such judgment of fine and costs or either of them, is not satisfied by immediate payment thereof, the offender so sentenced shall be committed to prison, there to remain, at hard labor or otherwise in the discretion of the court or magistrate, until such judgment is satisfied; provided, however, that hard labor shall not be imposed in cases of misdemeanor; and provided, further, that when any poor convict shall have been so imprisoned for one year, he may be discharged from custody by order of any circuit judge upon proof that he has not since his conviction had any estate out of which he could have satisfied such judgment, and that he is not held for any other cause; and provided further that such imprisonment, together with any other imprisonment that may have been imposed by the same sentence, shall not

in any case of misdemeanor extend beyond the term of one year."

"Sec. 3855.   Working out by imprisonment.   When any person shall be so sentenced to pay a fine and costs or either of them and shall be imprisoned for non-payment of the same, the time of such imprisonment shall be deemed to discharge the same at the rate of one dollar a day."

By the first section quoted the jurisdiction of district magistrates in criminal cases is limited to offenses punishable by fine or by imprisonment not exceeding one year without hard labor (see *Territory* v. *Overbay, ante* 91) or with or without fine.  By the provisions of section 3932 the maximum punishment for larceny in the second degree is either by fine not exceeding one thousand dollars or by imprisonment not more than one year.  By the wording of the statute the punishment must be either a fine or imprisonment but cannot be both.  By the provisions of section 3779 court fees or costs are not taxable against the defendant in a criminal case, but the costs may be ordered to be paid by the person charged and convicted as a part of the judgment.  This section clearly indicates a policy of not charging the cost of a criminal prosecution to the accused in case of his conviction unless it be done as a part of the punishment.  The court, having sentenced the defendants to the maximum term of imprisonment, was without authority to impose any pecuniary punishment, and therefore that part of the judgment imposing costs upon the petitioners is in excess of the jurisdiction of the district court.  This view is strengthened by the wording of section 3854, especially the last proviso therein, prohibiting in a case of misdemeanor the imprisonment of the defendant upon conviction for fine and costs beyond a term of one year.  We therefore hold that that part of the judgment against the defendants subjecting them to the payment of costs, for which they may be imprisoned, if they be not paid, at the rate of one dollar a day, was erro-

neous and void, but the same may be treated as surplusage as it is separable from the judgment sentencing the petitioners to imprisonment for one year. This conclusion is sustained by the ruling in the case of *United States* v. *Pridgeon,* 153 U. S. 48, 62, and other authorities. But the circuit court in discharging the writ and remanding the petitioners to the custody of the sheriff should have remanded them to serve out the remainder of the term of imprisonment and then be discharged.

The judgment discharging the writ of habeas corpus is affirmed and petitioners are remanded to the custody of the respondent sheriff to serve out the remainder of the term of imprisonment to which they have been sentenced and with directions to discharge the petitioners when they have fully served the term of imprisonment adjudged against them.

*J. S. Ferry* for petitioners.

*W. H. Beers,* County Attorney of Hawaii, for the Territory.