TERRITORY OF HAWAII *v.* AKIRA NAKAGAWA.

No. 2641.

SUBMITTED NOVEMBER 3, 1948.          DECIDED NOVEMBER 5, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
PARKS IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

This is a criminal case on writ of error to the judgment or sentence of the district magistrate ordering the defendant to pay a fine of twenty-five dollars and costs of two and one half dollars and revoking his driver's license, the judgment having been entered in the district court of Honolulu after the defendant had been charged with and convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor contrary to section 1261 of Revised Ordinances of Honolulu 1942.

There is but one assignment of error relied upon. It reads: "The District Magistrate erred in assessing costs

against the defendant for that all penalties to be imposed in criminal cases involving misdemeanors are fixed and there is no provision of law for the assessment of costs." The assignment thus challenges the district magistrate's authority to order payment of costs as a part of the judgment or sentence and presents the question of law whether or not the district magistrate's judgment of costs is a lawful judgment where, as here, the costs ordered paid are admittedly statutory costs.

The question presented is answered in the affirmative by both statute and ordinance. Section 10688 of Revised Laws of Hawaii 1945 authorizes any court of criminal jurisdiction to order that all statutory costs be paid by a defendent "charged and convicted" of any felony or misdemeanor "as a part of the judgment," even though it makes it unlawful to "take, demand, or receive any court fees" where the defendant is merely "charged." Correlative of this statutory authority for a judgment of costs are sections 10871, 10873 and 10874 of Revised Laws of Hawaii 1945, which expressly recognize it as a lawful judgment in any criminal case by providing that "execution may be issued thereon * * * as on a judgment in a civil action," that where "not satisfied by immediate payment" the defendant "shall be committed to prison * * * until the judgment is satisfied" and that "the time of the imprisonment shall be deemed to discharge the same at the rate of two dollars a day."

It is thus apparent that in this jurisdiction statutory costs do not follow the judgment or sentence separately from the fine or imprisonment actually imposed as in other jurisdictions (see *State* v. *Price,* 124 La. 918, 50 So. 794), but constitute a part thereof when ordered paid on conviction. (See *Ex parte Clemmons* [Okla.], 225 Pac. 184.) By so enlarging the ordinary concept of a judgment or sentence, the legislature has in effect ampli-

fied the meaning of the words "fine" and "imprisonment" to connote that as a matter of law statutory costs ordered paid on conviction are within the punishment of a fine or imprisonment. This amplified meaning automatically is a part of and controls the subordinate municipal ordinance in employing the words and providing punishment for the offense, i. e., the one for which the defendant was convicted, "by a fine of not more than one thousand dollars or by imprisonment in the Honolulu jail for not more than one year, or by both such fine and imprisonment." (Rev. Ord. Hon. 1942, § 1329.) But statutory costs are not required to be ordered paid on conviction, and where they are not so ordered the district magistrate need not take them into account in imposing the maximum punishment. Otherwise he must. (See *Re Silva*, 23 Haw. 766.) In this case there is no excess punishment to be considered, the district magistrate's judgment of fine and costs amounting to nothing more than a sentence to pay a fine of twenty-seven and one half dollars, which is well within the criminal jurisdiction of the district court as a lawful judgment.

Judgment affirmed.

*O. P. Soares* for plaintiff in error.

*T. C. Goo,* Assistant Public Prosecutor, for the Territory.