TERRITORY OF HAWAII *v.* ALBERT MAUNAKEA,
AND
TERRITORY OF HAWAII *v.* ROBERT BORGES.

NO. 2778.

ARGUED FEBRUARY 7, 1952.          DECIDED FEBRUARY 11, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Plaintiffs in error, Albert Maunakea and Robert Borges, were charged in the district court of Honolulu with assault and battery, pursuant to section 11055 of the Revised Laws of Hawaii 1945, as amended by Act 325, Session Laws of Hawaii 1949, Maunakea on two charges and Borges on one. Both were found guilty as charged. Each was fined one hundred dollars and sentenced to sixty days in the city and county jail. Execution of sentence in one case against Maunakea was suspended for thirteen months. Appeals were made to the circuit court of the first judicial circuit.

In the circuit court pleas of not guilty were withdrawn and plaintiff in error Maunakea entered a plea of nolo contendere on both charges and Borges pleaded guilty to one charge.

On one charge Maunakea was sentenced to be confined to one year in the city and county jail, eleven months of which sentence was suspended; on the other charge he was sentenced to one year in the city and county jail but sentence was suspended and he was placed on two years' probation in each case, the periods to run consecutively.

Borges was sentenced to one year in the city and county jail, eleven months of which sentence was suspended, and was placed on probation for four years.

The net result was each plaintiff in error was sentenced to serve thirty days in jail and be placed on probation for four years.

The assignments of error are that the sentence of the

court is excessive and that the placing of plaintiffs in error on probation for four years was excessive and not justified.

Section 11055, Revised Laws of Hawaii 1945, as amended by Act 325, Session Laws of Hawaii 1949, fixed the maximum penalty for its violation at six months imprisonment and a fine of five hundred dollars; in imposing sentence the judge must have concluded that the defendants were guilty of assault under section 11054, Revised Laws of Hawaii 1945, as amended, which provides for a maximum penalty of imprisonment of not more than one year and by a fine not exceeding one thousand dollars.

It is elementary that while an accused may upon trial be found guilty of a lesser offense necessarily included in the greater, he may not be convicted of a greater or different offense than that charged. As the written complaint specifically charges violation of section 11055 and pleas of guilty and of nolo contendere were entered to such charges, the judge may not impose a greater penalty than that authorized by this section. However, the sentence is void as to such excess only and is valid as to the maximum period fixed by the statute. (*In Re Dixon*, 26 Haw. 363.)

While this court in the case of conviction and sentence in a criminal case has the power to modify the sentence of the trial court if in its opinion the sentence is illegal or excessive and may correct the same (see R. L. H. 1945, § 9564), both the trial judge and the district magistrate were obviously impressed with the serious nature of the assaults; the district magistrate imposed penalties of imprisonment for sixty days each and the circuit judge stated that this was not a case where just one blow was struck but a number of blows, and that an examination of the complaining witness showed bruises on his lips, cheeks, chest, etc., and in other ways gave his view of the seriousness of the offense.

The defendants, longshoremen, were engaged in a water-

front strike. The complaining witness was eating his lunch at a waterfront restaurant when the defendants entered the restaurant, asked him if he had come back to the Territory to break the waterfront strike and assaulted him, choking and striking him.

Evidently the court was of the opinion that prompt and reasonably severe punishment would possibly prevent future assaults and disorders in the seething situation that then existed on the waterfront.

Even if we were to close our eyes as judges to what we know as individuals, *viz.*, that such violence and tension is a threat that may well result in bloodshed, riots and even murder, there is no evidence before us why we should substitute our opinion for the discretion of the trial judge. The trial judge before sentencing defendants had an investigation made of the facts involved and of the records of the defendants. Such facts are not before us. The trial judge might have legally sentenced the defendants to six months imprisonment and the payment of a $500 fine, but instead he chose thirty days imprisonment in the city and county jail with no fine. There appears no abuse of discretion so far as the record before us shows.

Counsel for plaintiffs in error contends that it is beyond the power of the court to impose probation for a period beyond the term for which the maximum sentence could have been imposed and cites to this effect a dictum in the case of *Whitehead* v. *United States,* 155 F. (2d) 460. The federal statute though in many respects similar to the territorial statute and to the statutes of the various states is not the same. A striking difference is that while both provide for periods of probation not to exceed five years, the territorial statute provides that upon the expiration of the period of probation the defendant shall not thereafter be liable to sentence, etc., while the federal statute specifically provides that at any time after the probation

period but within the *maximum* period for which the defendant might originally have been sentenced, the court may revoke the probation or suspension of sentence and may impose any sentence which might originally have been imposed.

That a territorial judge may suspend the imposition or execution of sentence for a period longer than the maximum sentence which could have been imposed upon the defendant, note section 10779, Revised Laws of Hawaii 1945, which gives a magistrate such power of suspension for a period not to exceed thirteen months though the magistrate may not impose a term of imprisonment for more than twelve months and in the present cases six months.

The contention also is made that in any event public policy of the Territory is that no one convicted of a misdemeanor can be placed on probation for more than thirteen months. Section 10843, Revised Laws of Hawaii 1945, provides: "Every circuit court, when it shall appear to its satisfaction that the ends of justice and the best interests of the public as well as of the defendant in a criminal case will be subserved thereby, shall have power after conviction or after a plea of guilty or nolo contendere * * *" (except in cases of murder in the first or second degree and other cases not pertinent here) "to suspend the imposition or execution of sentence, in full or in part, and to place the defendant upon probation for such period and upon such terms and conditions as it may deem best.

"* * * The period of probation, together with any extension thereof, shall not exceed five years; * * *"

In authorizing the circuit judges to suspend the imposition of sentence and probation for a longer period than a district magistrate may impose, it well may be that the legislature had in mind that the more serious misdemeanors (as well as crimes) would be tried before the circuit courts rather than by the district magistrates. If the legislature

had desired to limit to a lesser period than five years such suspension of imposition or execution of sentence, it would have been easy to say so. The court can find no good reason for disregarding the plain language of the statute.

The sentence of imprisonment and periods of probation in each case are sustained except that the statutory period of imprisonment of six months is the maximum sentence in each case. That is, in the case of Maunakea the sentence on the first charge is reduced from one year to six months imprisonment, of which the suspension of sentence is five months instead of eleven months. On the other charge the sentence is reduced from one year to six months imprisonment but the sentence is suspended and he is placed on probation for a period of two years in each case, to run consecutively. The sentence of Borges is reduced to six months imprisonment, of which five months is suspended, and he is placed on probation for a period of four years.

*J. King (Bouslog & Symonds* with him on the briefs) for plaintiffs in error.

*A. R. Hawkins,* Public Prosecutor, City & County of Honolulu (also on the briefs), for defendant in error.