**UNITED STATES of America,**
**Plaintiff,**

v.

**William DANKS, Defendant.**
**Crim. No. 12797.**

United States District Court,
D. Hawaii.

April 3, 1973.

* Executive Order 11507 was recently published in full in the annotations to 42

U.S.C.A. § 4331. See 42 U.S.C.A. § 4331 (Supp. 1970).

Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for plaintiff.

John A. Hoskins, Anthony, Hoddick, Reinwald & O'Connor, Honolulu, Hawaii, for defendant.

SAMUEL P. KING, District Judge.

Defendant William Danks was convicted, under 13 U.S.C. § 221(a), of refusing to answer questions for the 1970 United States Census. He was sentenced to a fine of $50, and now seeks, by way of a motion to vacate sentence and a "petition to reopen a case", to have this court set aside his conviction. His motions are founded upon the decision in United States v. Steele, 461 F.2d 1148 (9th Cir. 1972).

Danks was one of four individuals in the State of Hawaii prosecuted for census violations. In *Steele*, the conviction of one was reversed on the ground that the defendants were selected for prosecution because they had publicly expressed their opposition to the census, and were therefore being punished for the exercise of First Amendment rights.

Four procedures are urged by the defendant as possible avenues for this court to grant the relief he seeks. First—A new trial under Rule 33, Federal Rules of Criminal Procedure. The rule provides that a motion for a new trial made on any grounds other than newly discovered evidence must be made within 7 days after the finding of guilty. Since defendant has cited no authority for the proposition that the decision of the Ninth Circuit in *Steele* constitutes "newly discovered evidence," and I am not aware of any such authority, a Rule 33 motion is not appropriate.

Second—Correction of sentence under Rule 35, F.R.Cr.P. The purpose of the

Rule is to correct an illegal sentence. Defendant alleges that his sentence is illegal because his prosecution "was in violation of his due process rights under the Fifth Amendment." Such a claim is ineffective, because the "illegal sentence" referred to in the Rule is one not authorized by a judgment of conviction. United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Pinedo v. United States, 347 F.2d 142 (9th Cir. 1965). A $50 fine is clearly authorized by the statute Danks was convicted of violating.

Third—Motion to vacate sentence under 28 U.S.C. § 2255. The statute applies specifically to a "prisoner in custody," and defendant admits he is unaware of any cases which have extended the meaning of "in custody" to facts such as these. He argues, however, that the concept is being progressively broadened. Perhaps that is so, but the law of this Circuit, as expressed in Matysek v. United States, 339 F.2d 389 (9th Cir. 1964), rejects the concept of constructive custody even where a defendant is merely free on bail.

Fourth—Motion to set aside conviction and sentence under writ of error coram nobis. Coram nobis is generally not available as a substitute for appeal. In this case, however, the time for appeal has run. Even if it had not, defendant's payment of the fine rendered his case moot for purposes of appeal. Gillen v. United States, 199 F.2d 454 (9th Cir. 1952). That being so, he would have no remedy other than coram nobis. In *Morgan, supra*, the Supreme Court declared that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. 511, 74 S.Ct. 252. This language must be read in light of the Court's statement in the same case that "[i]n behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." 346 U.S. 505, 74 S.Ct. 249.

Danks was convicted by the court after he had entered a plea of not guilty. He was not represented by counsel. It cannot be determined from the record whether the issue of selective prosecution for the exercise of constitutionally protected rights was effectively raised.

In Byrnes v. United States, 408 F.2d 599 (9th Cir. 1969), involving a writ of error coram nobis, the question of mootness was considered. The court noted that a presumption of collateral legal consequences followed from the decisions of the Supreme Court in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) and Sibron v. State of New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). It held that the questions raised before it were not moot, even though the appellant had served his sentences. Furthermore, it has been held in this Circuit that "coram nobis must be kept available as a post-conviction remedy to prevent 'manifest injustice' even where the removal of a prior conviction will have little present effect on the petitioner." Holloway v. United States, 393 F.2d 731 (9th Cir. 1968).

*Byrnes* held that the appellant did not meet the requirement that a constitutional controversy be presented on a coram nobis petition. In this case a constitutional issue has already been determined by the Ninth Circuit in *Steele*. Coram nobis thus appears to be an appropriate remedy.

 The circumstances here are identical with those in *Steele*. Danks was mentioned by name as one of the four who had been selectively prosecuted for their outspoken opposition to the census. The court determined that there were others who had refused to complete the census forms, but who had not made their opposition to the census publicly known. None of these were recommended for prosecution. The court concluded that there had been "a purposeful discrimination by census authorities against those who had publicly expressed their opinions about the census."

Since Danks was one of the four to whom the court referred, we must regard

the fact of a constitutionally impermissible discrimination established as to him. Since discrimination of this sort is of "the most fundamental character, . . . such as rendered the proceeding itself irregular and invalid," United States v. Morgan, supra, 346 U.S. 509, n. 15, 74 S.Ct. 251 defendant's motion to vacate the judgment of conviction is granted. Orders that the judgment be expunged, and that defendant's fine of $50 be refunded, will be entered upon submission.