STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT JACK FRY, Defendant-Appellant

NO. 7058

OCTOBER 29, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE MARUMOTO AND CIRCUIT
JUDGE LUM, ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY OGATA, J.

Robert Fry, defendant-appellant, has appealed the lower court's decision, rendered on May 30, 1978, to grant the State's Motion to Amend Illegal Sentences.

On August 11, 1970, the appellant pleaded guilty in the federal district court of Hawaii to possession of a firearm in violation of 26 U.S.C. § 5861(d); in April of the following year he received a five year sentence at the federal penitentiary in Lompoc, California.

The day after receiving his federal prison sentence, on April 20, 1971, appellant was sentenced in the First Circuit Court, State of Hawaii, on two state first degree robbery charges arising from the same incident.[1] In the first charge,[2] Judge Hawkins imposed a ten year sentence, the first five years to be served concurrently with appellant's federal sentence, and suspended the remainder. In the second charge,[3] Judge Hawkins imposed a thirty year sentence. Again the first five years were to be served concurrent to the federal sentence and the remaining twenty-five years were suspended. The two sentences were erroneous because the trial judge, under the statute in effect in 1971, had no authority to suspend sentence in first degree robbery cases.[4]

---

[1] There were originally two cases, Criminal Numbers 41363 and 41317, in the First Circuit Court. Upon appeal, they became Supreme Court Numbers 7057 and 7058, respectively. The cases were then consolidated on appeal under Supreme Court Number 7058.

[2] Criminal Number 41317.

[3] Criminal Number 41363.

[4] The first paragraph of HRS § 711-77, in force before the penal code took effect on January 1, 1973, read as follows:

Suspension of imposition or execution of sentence; probation. Every circuit court, when it appears to its satisfaction that the ends of justice and the best interests of the public as well as of the defendant in a criminal case will be subserved thereby, may after conviction or after a plea of guilty or nolo contendere (*except* in cases of murder in the first or second degree, rape, carnal abuse of a female under twelve, incest between parents and children or stepchildren, arson, kidnapping, *robbery in the first degree,* burglary in the first degree when armed with a deadly weapon, embezzlement of public moneys, the giving or accepting of a bribe, or extortion by a public officer, agent or employee), suspend the imposition or execution of sentence, in full or in part, and place the defendant upon probation for such period and upon such terms and conditions as it may deem best. [Emphasis added.]

After Judge Hawkins had imposed sentences, two mittimuses were filed which failed to reflect the suspended portions of the sentences. On May 30, 1972, appellant's attorney submitted a Motion for Correction of Sentences to show the partially suspended sentences. Judge Hawkins granted the motion and the sentences were amended to conform to his oral statements at the time of the original sentencing.

The appellant's federal sentence expired on January 9, 1974, and at that time he was released from both state and federal custody.[5]

On April 20, 1976, the appellant's thirty year sentence in one of the first degree robbery cases, Criminal Number 41363, was reduced to twenty years pursuant to Act 188, 1975 Hawaii Session Laws.

Seven years after appellant was sentenced for the first degree robbery charges, on March 2, 1978, the State sought to amend the appellant's sentences pursuant to Rule 35 of the Hawaii Rules of Penal Procedure.[6] In its motion, the State argued that Judge Hawkins erred when he suspended part of the sentences in 1971 because no authority existed under the pertinent statute to suspend sentence in first degree robbery cases.[7] The State requested that Mr. Fry be resentenced to the full ten year sentence in Criminal Number 41317 and to twenty years for Criminal Number 41363.

The court below agreed with the State that Judge Hawkins had erred by suspending parts of the sentences.[8] The judge

---

[5] On September 22, 1975, Mr. Fry was arrested on two felony counts of promoting a dangerous drug in the third degree. Criminal Number 48379. He pleaded guilty on May 17, 1976 and received a five year sentence for each count. He also received a one and a half year term for violating parole on the original first degree robbery charges. Mr. Fry's sentence for the drug charges will expire on December 7, 1980.

[6] Hawaii Rules of Penal Procedure, Rule 35 states, in part, "The Court may correct an illegal sentence at any time . . . ."

[7] *See* note 4, *supra*, for text of HRS § 711-77 applicable to this case.

[8] Both judges involved in this case have retired from the First Circuit Court, State of Hawaii. Judge A. R. Hawkins, the trial judge, retired on May 28, 1974. Judge Masato Doi, who corrected the sentences, retired on December 29, 1978.

granted the Motion to Amend Illegal Sentences on May 30, 1978, setting aside the suspended portions and then imposed the full term originally given for each charge.

The appellant argued that the resentencing, after a seven year delay, violated the Double Jeopardy[9] and Speedy Trial Clauses[10] of the Hawaii and United States Constitutions. Additionally, he contended that the court abused its discretion by resentencing the appellant in his absence, by not requiring an updated presentence report, and by not following the original sentencing judge's intent.

For the reasons stated below, we affirm the lower court.

Judge Hawkins, the original sentencing judge, erred in suspending portions of the appellant's two sentences for first degree robbery. The statute in effect at the time of sentencing, Hawaii Revised Statutes § 711-77,[11] specifically excluded robbery in the first degree from its suspension provision. Judge Hawkins could have sentenced the appellant to any number of years;[12] his error was in partially suspending the sentences.

Because both the original oral sentences and the amended sentences did not conform to the statute, they were illegal, and the court had the duty to correct them pursuant to Hawaii Rules of Penal Procedure, Rule 35. *Bozza v. United States*, 330 U.S. 160, 166 (1947); *Breest v. Helgemoe*, 579 F.2d 95, 99 (1st Cir. 1978); *United States v. Tillman*, 374 F.Supp. 215, 222

---

[9] The Hawaii Constitution states "nor shall any person be subject for the same offense to be twice put in jeopardy". HAW. CONST. art. I, § 8. The United States Constitution states "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

[10] Article I, § 11 of the Hawaii Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The United States Constitution also states "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . . ." U.S. CONST. amend. VI.

[11] *See* note 4, *supra*, for text of the statute.

[12] The appellant was sentenced under HRS § 765-11, which stated: "Penalties. Whoever commits robbery in the first degree shall be imprisoned at hard labor for life or any number of years, in the discretion of the court."

(D.D.C. 1974); *United States v. Danks*, 357 F.Supp. 193, 195 (D.Haw. 1973); *Territory v. Maunakea*, 39 Haw. 249, 251 (1952); *In Re Dizon*, 26 Haw. 363, 367 (1922).

The correction of the illegal sentences by reimposing the original prison terms did not violate the Double Jeopardy Clause of the Hawaii and United States Constitutions.[13] Where the original punishment was invalid, as here, a correction which produces a valid sentence does not place the defendant in double jeopardy even if that correction increases his punishment. *Bozza v. United States, supra; Breest v. Helgemoe, supra* at 100-01; *United States v. Best*, 571 F.2d 484, 486 (9th Cir. 1978); *United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir. 1977); *Thompson v. United States*, 495 F.2d 1304, 1306 (1st Cir. 1974); *Caille v. United States*, 487 F.2d 614, 616 (5th Cir. 1973); *In Re Dizon, supra*.

The seven year delay between the original erroneous sentencing and Judge Doi's correction did not contravene the Speedy Trial Clause of the Hawaii and United States Constitutions.[14] No court has extended the right to a speedy trial to the resentencing procedure authorized by Rule 35 of both the Federal Rules of Criminal Procedure and the Hawaii Rules of Penal Procedure.[15]

As Rule 35 provides for the correction of an illegal sentence "at any time", it is expressly not limited as to the time when a motion to correct may be brought. The court can always reform an illegal sentence. This is true even after the

---

[13] *See* note 9, *supra*, for text of the Double Jeopardy Clauses.

[14] *See* note 10, *supra*, for text of the Speedy Trial Clause.

[15] In *State v. Cunningham*, [1979] CRIM.L.REP. (BNA) 2506 (Del.Super.Ct. Aug. 2, 1979), the court, discussing a 39-month delay between conviction and sentencing, specifically refused to extend the sixth amendment right to a speedy trial to the sentencing process. Instead, the court held that the unreasonable nature of the delay in that case violated due process. *Id.* at 2508. In the present case, we find that the delay in resentencing, while unfortunate, was not so unreasonable as to amount to a denial of due process.

defendant has begun to serve the void sentence. *United States v. Stevens, supra; United States v. Evans,* 459 F.2d 1134, 1136 (D.C.Cir. 1972); *In Re Dizon, supra; Boner v. Boles,* W.Va., 137 S.E.2d 418, 423 (1964). Judge Doi acted properly when he entertained and then granted the Rule 35 motion in the instant case.

The appellant's final argument is that Judge Doi abused his discretion by resentencing appellant in his absence, by failing to order an updated presentence report, and by not following the original judge's intent. The applicable standard of review in sentencing matters is whether the court committed a plain and manifest abuse of discretion in its decision. *State v. Martin,* 56 Haw. 292, 294, 535 P.2d 127, 128 (1975); *Territory v. Maunakea, supra. In State v. Martin,* this court held that some relevant factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. *Id.* at 294. At no time did Judge Doi exhibit such behavior in his consideration of the Motion to Amend Illegal Sentences.

Rule 43(a) of the Hawaii Rules of Penal Procedure requires that the defendant be present "at the imposition of sentence." The defendant may waive this right, provided he demonstrates "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938); *Reponte v. State,* 57 Haw. 354, 361, 556 P.2d 577, 583 (1976). Waiver may be express or implied from the defendant's conduct. *United States v. Tortora,* 464 F.2d 1202, 1208 (2d Cir. 1972). The court must examine the "totality of the circumstances" to determine if a valid waiver has occurred. *Reponte v. State, supra,* at 361-62, 556 P.2d at 583. In the present case, the appellant had notice of the proceedings and his attorney was present, but appellant himself deliberately did not attend the hearing on the motion. The appellant therefore waived his right to be present at the resentencing.

The appellant also contends that the court erred by not requiring an updated presentence report. In resentencing cases, the ordering of the report is within the discretion of the

court.[16] As a Rule 35 motion is part of the original case and the corrected sentence runs anew from the time of the original sentencing, the facts in the trial record are a sufficient basis for the court to act. 8A MOORE'S FEDERAL PRACTICE ¶35.03[1], at 35-9 (2d ed. 1978). In the appellant's case, a presentence report was prepared after the original conviction in 1970. Moreover, the court could have had the benefit of a later presentence report in connection with appellant's sentences for two counts of promoting a dangerous drug in the third degree which were imposed in May, 1976. We hold that under the circumstances there was no abuse of discretion in the refusal to order an updated presentence report.[17]

Last, the appellant argues that Judge Doi did not follow the intention of the original sentencing judge. It is clear from the transcript of the resentencing proceeding that Judge Doi did in fact follow Judge Hawkins' intention. Judge Hawkins intended to give sentences of ten and thirty years; Judge Doi simply removed the illegal suspensions and re-imposed prison terms.[18]

Affirmed.

*Corey Y. S. Park (Wayne R. Young,* Hawaii Correctional Legal Services, Inc., of counsel, on the briefs) for defendant-appellant.

*George Yamamoto,* Deputy Attorney General, *(Michael A. Lilly,* Deputy Attorney General on the brief) for plaintiff-appellee.

---

[16] HRS § 706-601(2) states: "The court *may* order a pre-sentence diagnosis in any other case." [Emphasis added.]

[17] Appellant has cited cases in which the court required an updated presentence report after a lapse of several years. *See Rewak v. United States,* 512 F.2d 1184 (9th Cir. 1975); *United States v. Carmichael,* 469 F.2d 937 (D.C. Cir. 1972). These cases, however, dealt with sentencing under the Youth Corrections Act, 18 U.S.C. § 5010(e), and the holdings were based on considerations, such as defendant's youth and the advantages of various sentencing alternatives, which are not present here.

[18] The sentence in Criminal Number 41363 was originally thirty years but was reduced to twenty years pursuant to Act 188.