925 P.2d 1104

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Peter LESSARY, Defendant–Appellant.**

**No. 18505.**

Intermediate Court of Appeals of Hawai'i.

Sept. 30, 1996.

Certiorari Denied Oct. 21, 1996.

Earle A. Partington (Partington & Foley, of counsel) on the briefs, Honolulu, for defendant-appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff-appellee.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

After having been convicted of two felonies, Defendant–Appellant Peter Lessary (Defendant) requests that his judgment of guilty conviction and probation be amended and that the sentencing court's order deny-

ing his request to amend his pre-sentence diagnosis and report (pre-sentence report) be reversed.

We hold that the judgment must be amended, but under the circumstances of this case, deny his request to reverse the subject order.

I.

On July 11, 1994, Defendant pled guilty pursuant to a plea bargain to "unauthorized control of [a] propelled vehicle," a class C felony under Hawai'i Revised Statutes (HRS) § 708–836 (1993) and "place to keep unloaded firearm" under HRS § 134–6(b) and (d) (1993), another class C felony.

Prior to being sentenced, Defendant filed a motion on September 28, 1994, to compel amendment of the pre-sentence report prepared for Defendant's sentencing as required under HRS § 706–601 (1993).[1] The report was prepared by an Adult Probation Officer (the APO). *See* HRS § 706–602 (1993).[2] Defendant's motion was supported by defense counsel's affidavit, a memorandum, exhibits, and a statement of proposed witness.

While acknowledging that the APO had included HRS § 706–621(2)(e) and (h) (1993) factors in the pre-sentence report as circumstances weighing against imprisonment of the Defendant, Defendant requested that the court direct the Adult Probation Division to also include factors (f), (g) and (i) of HRS § 706–621(2) (also referred to herein as "omitted factors") as additional "mitigating" factors.

HRS § 706–621(2)(e)–(i) provides that the court shall consider:

(2) The following factors, to be accorded weight in favor of withholding a sentence of imprisonment;

. . . .

(e) The defendant has no history of prior delinquency or criminal activity or

1. Hawai'i Revised Statutes (HRS) § 706–601(1) provides that "[t]he court shall order a pre-sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where: (a) The defendant has been convicted of a felony[.]"

2. HRS § 706–602(1) states, in part, that "[t]he pre-sentence diagnosis and report shall be made by personnel assigned to the court ... or other agency designated by the court[.]"

has led a law-abiding life for a substantial period of time before the commission of the present crime;

(f) The defendant's criminal conduct was the result of circumstances unlikely to recur;

(g) The character and attitudes of the defendant indicate that the defendant is unlikely to commit another crime;

(h) The defendant is particularly likely to respond affirmatively to a program of restitution or a probationary program or both;

(i) The imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents[.]

Defendant maintained that the Hawai'i State Division of Corrections and the Hawai'i Paroling Authority would consider all of the HRS § 706–621 factors in determining Defendant's minimum sentence in the event Defendant was "committed to imprisonment either at sentencing or at a later probation revocation hearing."[3]

In support of this contention, Defendant attached the Rules of the Hawai'i Paroling Authority (RHPA) designated as Administrative Rules Title 23, Chapter 700 as an exhibit to his motion.[4] RHPA Rule 23–700–24 refers to "[m]itigating factors to be considered in setting a minimum sentence." Except for the substitution of the word "inmate" for "defendant," subsections a–g of Rule 23–700–24 are identical to subsections a–g of HRS § 706–621(2), including HRS § 706–621(2)(f) and (g).[5] RHPA Rule 23–700–24(f) and (g) state in relevant part:

23–700–24 Mitigating factors to be considered in setting a minimum sentence. The following factors may be accorded

weight in favor of a lessor [sic] minimum sentence of imprisonment

. . . .

(f) The inmate's criminal conduct was the result of circumstances unlikely to recur;

(g) The character and attitudes of the inmate indicate that the inmate is unlikely to commit another crime[.]

Defendant sought to amend the pre-sentence report at the sentencing hearing based upon his understanding that "[o]nce a defendant is sentenced, there is no provision for amending or correcting the [pre-sentence] report."

Defendant contended that at the sentencing hearing Defendant would show that "the requested sections [from HRS § 706–621(2)] are applicable in this case." The statement of proposed witnesses listed the APO who prepared the pre-sentence report as a person testifying on the preparation of the pre-sentence report and on the omission of certain mitigating factors.

The hearing on Defendant's motion was held on October 18, 1994. While not clear from the record, it appears that at some point the APO's recommendation that Defendant be sentenced to probation was made known to Defendant and defense counsel. The court granted defense counsel's request to amend the report by correcting Defendant's ethnic background, the spelling of defense counsel's name, and the status of defense counsel as "retained" counsel.

However, the court denied the request that the omitted factors be specifically cited within the report as weighing against imprisonment.

Defense counsel indicated that he had subpoenaed the APO for the purpose of testify-

---

3. HRS § 353–62(3) (1993) grants the Hawai'i Paroling Authority the power to "[d]etermine the time at which parole shall be granted to any eligible individual [which is] that time at which maximum benefits of the correctional institutions to the individual have been reached and the element of risk to the community is minimal[.]"

4. Under HRS § 353–65 (1993), "[t]he Hawai'i paroling authority may establish rules and regulations ... under which any prisoner may be

paroled.... The rules and regulations shall have the force and effect of law."

5. Rules of Hawai'i Paroling Authority (RHPA) Rule 23–700–24(i) which has no counterpart in HRS § 706–621 states, "The inmate cooperated with law enforcement officials in such a manner as to assist in uncovering the offense, arresting and charging others responsible for the offense or in the conviction of others for the offense or other offenses."

ing at the hearing. The court, however, disallowed the APO's testimony on the ground that "it was not appropriate or necessary to subpoena the probation officer[.]" The court rested its ruling on the following reasons:

The record speaks for itself. The factors are in the statute. You've argued them. Your motion is part of the record and the [c]ourt has ruled on the [sic] basis, therefore, the [c]ourt finds that that's sufficient.

Defendant then requested permission to make an offer of proof on its motion. The court responded that "the record is ample." The court subsequently sentenced Defendant to a term of probation with credit for time served in prison.

On October 18, 1994, a judgment of guilty conviction and probation was filed. The judgment stated in part that Defendant was convicted and found guilty of "Place to Keep Firearm *Loaded* with Ammunition." (Emphasis added.)

On October 24, 1994, an order granting in part and denying in part Defendant's motion to compel amendment of the pre-sentence report was filed. The order directed that the corrections previously referred to be made but denied the motion in all other respects.

## II.

■ We hold at the outset that the October 18, 1994 judgment must be amended to reflect that Defendant was found guilty of "place to keep an *unloaded* firearm."

The guilty plea form indicates that at the time of the guilty plea hearing Defendant pled guilty to place to keep an unloaded firearm under HRS § 134–6(b) and (d). This was not the offense for which Defendant had been originally charged but an offense included within the original charge of place to keep firearms loaded with ammunition under HRS § 134–6(b) and (c), a class B felony. Defendant's statement on the guilty plea form is that he "had an unloaded firearm[.]" The plea bargain, as set forth on the guilty plea form, indicates that "[i]n return for [Defendant's] pleas, the State will dismiss with prejudice [various counts] of the Complaint," and further references "Exh. A attached."

Exhibit A to the guilty plea form is a January 22, 1994 letter from the prosecutor's office to defense counsel agreeing to Defendant's plea to "Place to Keep *reduced* to [a] Class 'C' felony[ ]" from the apparent original Class B charge. (Emphasis added.) At the October 18, 1994 hearing, the court indicated that it sentenced Defendant pursuant to the plea agreement.

On appeal, the State does not specifically respond to Defendant's contention that the judgment should be amended to reflect Defendant's conviction of place to keep firearm unloaded with ammunition. Its brief acknowledges that Defendant pled guilty pursuant to a plea agreement with the State but incorrectly indicates that Defendant pled to the offense of "Place to Keep Loaded Firearm."

Defendant having pled guilty to the offense of place to keep unloaded firearm in accordance with the plea agreement, and the court having sentenced him according to the terms of the plea agreement, we hold that the October 18, 1994 judgment must be amended to reflect Defendant's conviction for place to keep an unloaded and not a loaded firearm.

## III.

■ HRS § 706–604(1) (1993) states that "the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition" before imposing sentence. HRS § 706–604(2) (1993) also requires that the court "shall … afford fair opportunity, if the defendant … so requests, to controvert or supplement" any pre-sentence report. It is error to refuse "to accord [Defendant] or [Defense] counsel an opportunity required under HRS § 701–604 of the Hawai'i Penal Code to be heard and to supplement the pre-sentence report prior to imposing sentence[.]" *State v. Martin,* 56 Haw. 292, 295, 535 P.2d 127, 128 (1975). In *State v. Nobriga,* 56 Haw. 75, 80, 527 P.2d 1269, 1273 (1974), the supreme court stated the Legislature's intent in adopting HRS § 706–604 was to afford a defendant the opportunity to correct or to rebut the pre-sentence report:

[T]he legislature was not unmindful of the dangers posed to the defendant in terms of those portions of the report which might be misleading, incomplete, or inaccurate. Thus, the legislature afforded the defendant an opportunity to respond to the pre-sentence report, and more importantly, an opportunity to rebut those sections in question.

Defendant argues that he was denied a "full hearing" on his motion and that the court erred in denying his motion to compel amendment. While not fully discussing the court's rejection of his request to call the APO as a witness or to make an offer of proof, Defendant asserts that "had [he] been permitted to call the [APO] or [to] make his offer of proof, he would have shown" through the APO that "factors 2(e) through (i) of HRS § 706–621 ... applied to [Defendant]," that "[p]ursuant to HRS § 706–604(4), the [r]eport is transmitted to the Department of Corrections if ... imprisonment is imposed[,]" that the "Hawaii [Hawai'i] Paroling Authority considers the [HRS § 706–621] factors ... in setting a minimum term of imprisonment," that "the [r]eport cannot be corrected at some later time[,]" and that "sentencing is the only opportunity a defendant has to correct an erroneous [r]eport."

While we agree that Defendant's right to a "fair opportunity" to "controvert or supplement" the pre-sentence report includes the right to call witnesses, the number of such witnesses and the scope of each witness's testimony are subject to the exercise of the informed discretion of the sentencing judge.

Here, the mitigating factors proposed for consideration were transmitted to the APO by Defendant. The reasons for inclusion of the factors were set forth in Defendant's motion and the supporting papers. Defendant had the opportunity to argue the factors to the court. The court was duty-bound to consider these factors in imposing sentence but was not required to expressly rule on each factor set forth in HRS § 706–621. *Cf. State v. Sinagoga,* 81 Hawai'i 421, 428–29, 918 P.2d 228, 235–36 (App.1996) ("The fact that a court does not orally address every factor stated in HRS § 706–606 at the time of sentencing does not mean the court failed to consider those factors. The statute contains no requirement that the court expressly recite its findings on the record for each of the factors set forth in HRS § 706–606. Nevertheless, under HRS § 706–668.5, judges are duty-bound to consider HRS § 706–606 factors before imposing sentence.").

The only question is whether the denial of defense counsel's request to examine the APO as a witness and thereafter, of Defendant's request to make an offer of proof concerning the testimony of the proffered witness denied Defendant a fair opportunity to controvert or supplement the pre-sentence report.

### A.

Because the APO prepared the pre-sentence report, the APO's testimony would be relevant in any challenge to the findings and conclusions in the report. Only the APO would be able to explain why certain HRS § 706–621 factors were included in the report and others were rejected. If Defendant is prevented from obtaining the APO's explanation of these matters, he may be deprived of a substantial basis for demonstrating that the omitted factors should have been included in the report.

In this case, defense counsel had submitted a request that all factors which mitigated against imprisonment be included in the report by the APO. The pre-sentence report has not been made a part of the record on appeal. Defense counsel's and the court's comments at the hearing indicate, however, that HRS § 706–621(2)(f), (g), and (i) factors were not included in the report.

In order to afford Defendant a "fair opportunity" to controvert the APO's decision to exclude these factors, Defendant was entitled to examine the APO concerning the APO's reasons for doing so. The right "to cross examine those who have rendered reports to the court" is implicit in the Defendant's fair opportunity to be heard. *See* Commentary on HRS § 706–604 (1993).

▮ If he is precluded from ascertaining the basis for the APO's decision to reject certain mitigating factors, Defendant would

be unable to adequately present a case for amending the report. Ordinarily, a defendant who seeks to controvert a pre-sentence report must be given the opportunity to call the person who prepared the report as a witness at the sentencing hearing and to examine that person on the findings of the report.

■ But, as with other matters concerning the allowance of witnesses at a court proceeding, a sentencing court's denial of a defense counsel's request to call the person preparing the pre-sentence report as a witness is reviewed for abuse of discretion. *Cf. Yorita v. Okumoto,* 3 Haw.App. 148, 156–57, 643 P.2d 820, 826–27 (1982) (holding trial judge did not abuse discretion in refusing to allow presentation of three additional expert witnesses on same issue in surrebuttal); *State v. Estrada,* 69 Haw. 204, 222–23, 738 P.2d 812, 825 (1987) (finding trial judge's exclusion of one expert witness while allowing other to testify on same subject to be abuse of discretion).

■ We do not believe the sentencing court abused its discretion in this instance. Although the APO did not acquiesce in including the omitted factors in the pre-sentence report, this was of no material consequence in the sentencing process because the inclusion of such factors would not have made a difference in the ultimate sentence of probation. Because the omitted factors weighed against a sentence of imprisonment, the sentencing court reasoned their inclusion would add nothing more to the determination that a probationary sentence was appropriate.

If, on the other hand, a sentence of imprisonment were imposed, then the preclusion of the APO's testimony would require us to determine whether the sentencing court had abused its discretion in prohibiting an examination of the APO. Here, however, the sentence imposed was not a sentence of imprisonment. Therefore, an exposition of the omitted factors by the Defendant would not have resulted in any change in sentence.

### B.

■ Defense counsel maintains, however, that should Defendant's sentence of probation be revoked in the future, he will be prejudiced by the denial of the opportunity to controvert the report that the paroling authority will consider in arriving at Defendant's minimum term of imprisonment. In support of this contention, he points out that most of the factors weighed in favor of a lesser minimum prison sentence under RHPA Rule 23–700–24 are identical to the factors which must be considered in the pre-sentence report under HRS § 706–621. *See* discussion *supra.* Additionally, he argues that HRS § 706–621 factors must be relevant to the parole authority's determination of prison terms because HRS § 706–604(4) requires that the pre-sentence report be transmitted to the department of public safety whenever a defendant is sentenced to a term of imprisonment.[6] As to this latter argument, however, HRS § 706–604(4) appears on its face to relate to the transmission of the report "[i]f the defendant is sentenced to imprisonment" at the time that Defendant is initially sentenced at a HRS § 706–604 hearing and not at the time of probation revocation.

### C.

We recognize that a defendant's sentence of probation "shall" be revoked for "inexcusably fail[ing]" to comply with a substantial requirement" of probation or for "convict[ion] of a felony." HRS § 706–625(c) (1993). And, in the event of revocation, the court "may impose on the defendant any sentence that might have been imposed *originally* for the crime of which the defendant was convicted." HRS § 706–625(e) (1993). (Emphasis added.) Thus, on revocation, a defendant may be resentenced to imprisonment.

But, assuming that the paroling authority does consider HRS § 706–621 factors in the pre-sentence report in determining a defen-

---

**6.** HRS § 706–604(4) states that "[i]f the defendant is sentenced to imprisonment, a copy of the report of any pre-sentence diagnosis ... shall be *transmitted immediately to the department of* public safety[.]" The Hawai'i paroling authority is placed within the department of public safety for administrative purposes. HRS § 26–14.6(c) (1993).

dant's minimum prison sentence following probation revocation, it appears counter-productive to require the sentencing court to receive and consider evidence for a contingency which may never be realized and at the same time is superfluous to its sentence.

We reiterate that had Defendant been sentenced to imprisonment at the sentencing hearing, we would be required to consider whether Defendant should have been given the opportunity to examine the probation officer. "The question of whether the defendant should be sentenced to imprisonment or to probation is no less significant than the question of guilt and the defendant should not have this decision made on the basis of information which the defendant is not allowed an opportunity to challenge." Commentary on HRS § 706–604 (1993). But, because Defendant was not sentenced to imprisonment, we conclude that under these circumstances, the sentencing court did not abuse its discretion in denying Defendant's request to examine the APO on the pre-sentence report.

### IV.

In the event that Defendant's probation is revoked in this case, we see nothing in HRS § 706–625 (1993) which precludes the Defendant from showing at a re-sentencing hearing that the parole board relies on the pre-sentence report in determining minimum prison sentences and that as a result, Defendant should be given the opportunity to controvert or supplement those parts of the pre-sentence report he had been previously prevented from challenging through the examination of the APO.

Because Defendant may be sentenced to imprisonment on resentencing, the HRS § 706–621 factors which bear upon the imposition or withholding of imprisonment are crucial to the court's ultimate sentencing decision. Since Defendant was precluded from

examining the APO on the omitted factors, the court will have an insufficient basis upon which to base its decision. Underlying the requirement of a pre-sentence report is the premise that " '[i]n any system which vests discretion in the sentencing authority, it is necessary that the authority have sufficient and accurate information so that it may rationally exercise its discretion.' " *State v. Lau*, 73 Haw. 259, 262, 831 P.2d 523, 525 (1992) (quoting Commentary on HRS § 706–601). For this reason we believe that under certain circumstances a pre-sentence report may be amended or corrected after sentencing.

■ It is already recognized in analogous circumstances that a sentencing court is empowered to consider a pre-sentence report at the time of resentencing. *Keawe v. State*, 79 Hawai'i 281, 286, 901 P.2d 481, 486 (1995) ("In *State v. Fry*, 61 Haw. 226, 602 P.2d 13 (1979), we recognized that ordering an updated presentence report in a resentencing hearing is within the discretion of the trial judge.... We noted that the relevant statutory language of HRS § 706–601(2) provides that '[t]he court *may* order a pre-sentence diagnosis in any other case' and reasoned that resentencing proceedings fell within this provision.").[7] Consequently, at the time of resentencing, Defendant should be entitled to controvert or supplement those parts of the initial pre-sentence report having to do with the omitted factors.[8] This would satisfy Defendant's right to be heard on omitted factors which would have become material to the sentence and insure that the court had "sufficient and accurate information" upon which to exercise its sentencing discretion.

### V.

■ The remaining issue is whether the sentencing court properly denied Defendant's request to make an offer of proof.

---

7. *Fry* recognized that other courts "required an updated pre-sentence report" "based on considerations" which were "not present" in *Fry*, 61 Haw. 226, 232 n. 17, 602 P.2d 13, 17 n. 17 (1979).

8. That another APO and not the particular APO who signed the report might be available at the

time of re-sentencing would not be material. Typically, an individual APO's report is reviewed before transmission to the court and is the product of the adult probation office. Thus, the facts and circumstances which led to the ultimate sentence are set forth in the report itself.

Upon the exclusion of testimony by the court, the aggrieved party may provide an offer of proof by stating "what the witness would say if he were permitted to answer the question and what he expects to prove by the answer to the question." 1 J. Strong, *McCormick on Evidence* § 51, at 195 (4th ed. 1992). An offer of proof (1) "permits the judge to consider further the claim for admissibility" and (2) creates a record to be used by the appellate court in determining "whether the judge's ruling sustaining an objection was proper." *Id.* Hence, regardless of whether the evidence is thought to be admissible or not, the court must afford a party an opportunity to be heard on his or her offer of proof. *Carroll v. Miyashiro,* 50 Haw. 413, 414, 441 P.2d 638, 639 (1968).

▬ We note that Defendant's offer of proof, while not allowed at the hearing, is set forth in his opening brief. Further, the substance of his offer is contained in the memorandum in support of his motion to amend. We deem it advisable that courts accede to a request to make an offer of proof as to excluded evidence. But, based on our holding that the sentencing court did not abuse its discretion under the circumstances, we conclude that the denial of Defendant's offer of proof was harmless error. *Cf. Kometani v. Heath,* 50 Haw. 89, 92, 431 P.2d 931, 934 (1967) (holding that preventing counsel from making an offer of proof out of hearing of jury during his attempt to rehabilitate witness was harmless error where "trial court's action was not inconsistent with substantial justice and did not affect the substantial rights of the parties.").

## VI.

Accordingly, we hold that (1) the relevant portion of the October 18, 1994 judgment shall be amended to reflect that Defendant was convicted of place to keep an unloaded firearm and instruct the court to so amend the judgment, and (2) under the circumstances, Defendant was not denied a fair opportunity under HRS § 706–604 to controvert or supplement the pre-sentence report at the sentencing hearing.