STATE OF HAWAII, Plaintiff-Appellee, *v.* RONALD Y. C. DELMONDO, Defendant-Appellant

NO. 9585

CRIMINAL NO. 58182

FEBRUARY 25, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Appellant Ronald Y. C. Delmondo pleaded guilty to three counts of promoting a dangerous drug in the second degree. He was sentenced on October 27, 1983 to ten years imprisonment and was also ordered to make restitution. At the time of sentencing, a motion to sentence Delmondo as a repeat offender filed by the State was pending before the trial court, but the motion was continued to November 2, 1983 to comply with the notice requirements of Rule 45 of the Hawaii Rules of Penal Procedure (HRPP).

On November 2, 1983, the trial court granted the State's motion upon finding hat Delmondo was a repeat offender under Hawaii Revised Statutes (HRS) § 706-606.5.[1] The ten year sentence Delmondo received on October 27, 1983 was amended to include a five-year mandatory minimum term of imprisonment.

Delmondo contends that the trial court erred in granting the State's motion to sentence him as a repeat offender. Delmondo argues that the court, by granting the motion, increased the severity of punishment after the October 27th sentencing. We affirm.

I.

The double jeopardy clause of the Fifth Amendment to the United States Constitution proscribes the re-sentencing of a defendant which results in an increase in the severity of punishment. *Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1874). However, both the United States Supreme Court and this court have declared that there is no double jeopardy when an illegal sentence is altered, even though severity of the sentence is increased. *Bozza v. United States,* 330 U.S. 160 (1947); *State v. Fry,* 61 Haw. 226, 602 P.2d 13 (1979). In *Fry,* this court stated:

> Because both the original oral sentences and the amended sentences did not conform to the statute, they were illegal, and the court had the duty to correct them pursuant to Hawaii Rules of Penal Procedure, Rule 35.

*Id.* at 230, 602 P.2d at 16.

---

[1] HRS § 706-606.5, in pertinent part, provides:

Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section . . . 712-1242 relating to the promoting of a dangerous drug in the second degree, . . . who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a) Second conviction — 5 years[.]

Subsection (2) includes first degree theft as an enumerated offense. The trial judge found that Delmondo had been convicted of theft in the first degree in 1979.

In *Fry,* the sentencing court imposed a 30-year sentence for first degree robbery, five years to be served concurrently with a federal prison term and the remainder to be suspended. Under the statute in effect at that time, the trial judge had no authority to suspend the sentence for first degree robbery. The State filed a motion pursuant to Rule 35, HRPP,[2] to correct the illegal sentence.

Here, although no Rule 35 motion was filed by the State, and the October 27th sentence was not corrected by the trial court specifically pursuant to Rule 35, the court was duty-bound to impose a mandatory minimum sentence upon Delmondo as a repeat offender when that fact was made evident to the court at the hearing of November 2nd. *See Breest v. Helgemoe,* 579 F.2d 95 (1st Cir. 1978), *cert. denied,* 439 U.S. 933 (1978); *United States v. Kenyon,* 519 F.2d 1229 (9th Cir. 1975), *cert. denied,* 423 U.S. 935 (1975).

HRS § 706-606.5 requires the trial court to sentence a repeat offender to a mandatory minimum term of imprisonment without the possibility of parole, subject, of course, to due process requirements. Such requirements are satisfied when the defendant has been given reasonable notice of the intended application of HRS § 706-606.5; he has been given the opportunity to be heard; his prior conviction is established by satisfactory evidence; he had been represented by counsel (or knowingly and intelligently had waived representation) at the time of his prior conviction. If he is found to be a repeat offender, the sentencing court is bound to impose the applicable mandatory minimum term of imprisonment. *State v. Freitas,* 61 Haw. 262, 277, 602 P.2d 914 (1979). Discretion to impose a lesser mandatory minimum term is limited to circumstances where strong mitigating factors are present. HRS § 706-606.5(3).

HRS § 706-606.5 is mandatory, and therefore, when a sentence imposed upon a repeat offender does not comply with the statutory requirements of HRS § 706-606.5, the imposed sentence is illegal. See *Breest v. Helgemoe,* supra; *State v. Pina,* 185 Conn. 473, 440 A.2d 962 (1981). When the court was made aware that Delmondo was a

---

[2] Rule 35, HRPP, provides, in pertinent part:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

repeat offender under HRS § 706-606.5 on November 2nd, the court, in effect, corrected the illegal sentence imposed on Delmondo on October 27th pursuant to Rule 35. As in *Fry*, the trial court had a duty to correct the illegal sentence.

## II.

Delmondo argues that allowing imposition of a mandatory minimum term of imprisonment after the time of sentencing could lead to abuses, e.g., the State could move for a mandatory minimum term after the Hawaii Paroling Authority determines the minimum term if the prosecutor is unhappy with it.

We recognize that the power to correct even a statutorily illegal sentence must be subject to some temporal limit. *Breest*, 579 F.2d at 101. *But see Lerner v. Gill*, ___ R.I. ___, ___, 463 A.2d 1352, 1361-1362 (1983). There may be circumstances under which even a corrected illegal sentence may be fundamentally unfair, thus violative of due process. Here, the State had filed a motion for sentencing under HRS § 706-606.5 prior to October 27th, the original sentencing date. Only five days elapsed when the illegal sentence was corrected by the court. Clearly, the circumstances of this case do not render the corrected sentence as fundamentally unfair, or prejudicial to Delmondo.

Affirmed.

*Philip D. Bogetto* on the brief for Defendant-Appellant.

*Willard Peterson (Arthur E. Ross* on the brief) Deputy Prosecuting Attorneys for Plaintiff-Appellee.