ZEPH KIMO SALIS, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 27451.
Intermediate Court of Appeals of Hawaii.
April 23, 2008.
On the briefs:
ZEPH KIMO SALIS, Petitioner-Appellant pro se.
MARK J. BENNETT, ESQ., Attorney General, State of Hawai`i Associate Judge., LISA M. ITOMURA, ESQ., DIANE K. TAIRA, ESQ. Deputy Attorney General.
PETER B. CARLISLE, ESQ., Prosecuting Attorney DONN FUDO, ESQ., Deputy Prosecuting Attorney, Attorneys for Respondent-Appellee, State of Hawai`i.

MEMORANDUM OPINION
By: WATANABE, Presiding Judge, NAKAMURA, and LEONARD, JJ.
Petitioner-Appellant Zeph Kimo Salis (Salis) appeals pro se from two orders denying him relief pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40: (1) the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody Without a Hearing (Order #1) filed on April 11, 2005 in the Circuit Court of the First Circuit[1] (Circuit Court); and (2) the Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief (Order #2) filed on August 9, 2005 in the Circuit Court. Salis filed his Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition) on December 30, 2004.

I. PRIOR PROCEEDINGS
A brief history of Salis' prior criminal proceedings aids in our review of the Circuit Court's orders on the Rule 40 Petition.

A. Cr. No. 92-3411
In Cr. No. 92-3411, on November 24, 1992, a complaint was filed against Salis alleging various criminal activity on or about November 4, 1992. On July 28, 1994, Salis pled no contest to Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841 (1993),[2] Unauthorized Control of a Propelled Vehicle (UCPV) in violation of HRS § 708-836 (1993), and two counts of Kidnapping in violation of HRS § 707-720 (1993). On September 26, 1994, Salis was convicted and originally sentenced to five years of probation for each count.
On February 26, 1998, Salis's probation in Cr. No. 92-3411 was revoked based upon his convictions in Cr. Nos. 97-0973 and 97-0984 and Salis was sentenced to maximum terms of incarceration of ten years for Robbery in the Second Degree pursuant to HRS § 706-660(1) (1993), ten years for each of the two counts of Kidnapping pursuant to HRS § 706-660(1), and five years for UCPV pursuant to HRS § 706-660(2) (1993). After an October 13, 1998 hearing, on December 2, 1998, the Hawaii Paroling Authority (HPA) set a minimum term of five years for each of the counts in Cr. No. 92-3411.
No direct appeal was filed in Cr. No. 92-3411.

B. Cr. No 97-0973
In Cr. No. 97-0973, based on criminal activity occurring on or about April 1, 1997, Salis was convicted on December 5, 1997 of one count of Robbery in the First Degree in violation of § 708-840 HRS (1993). The Circuit Court granted the State's December 31, 1997 Motion for Sentencing of Repeat Offender in Cr. No. 97-0973.[3] On February 26, 1998, Salis was sentenced to a maximum term of twenty years of incarceration pursuant to HRS § 706-659 (Supp. 1996) and a mandatory minimum term of six years and eight months as a repeat offender pursuant to HRS § 706-606.5 (Supp. 1996). The sentence in Cr. No. 97-0973 was to run consecutive to the sentences imposed in Cr. Nos. 92-3411 and 97-0984. On December 2, 1998, the HPA set a minimum term of six years and eight months in Cr. No. 97-0973.
Nelson Goo represented Salis at trial in Cr. No. 97-0973. Salis filed a direct appeal and was represented by Christopher Evans on appeal. In the appeal from Cr. No. 97-0973 (S.Ct. No. 21426), Salis raised the following issues: (1) whether the testimony of the State's witness Bill Riggs constituted improper evidence of prior bad acts; (2) whether the testimony of Bill Riggs constituted improper character evidence; and (3) whether the verdict was inconsistent with the jury's responses to the special interrogatories. On October 6, 1999, the Hawaii Supreme Court issued a summary disposition order in S.Ct. No. 21426 affirming the judgment in Cr. No. 97-0973.

C. Cr. No. 97-0984
In Cr. No. 97-0984, Salis was tried on multiple charges arising out of criminal activity that occurred on or about April 17, 1997. On December 3, 1997, Salis was convicted of the following offenses:
Count 1  Robbery in the First Degree in violation of HRS § 708-840(1)(b)(ii) (1993);
Count 2  Place to Keep Loaded Pistol in violation of HRS § 134-6(c) (Supp. 1996);
Count 3  Felon in Possession of Firearm in violation of HRS § 134-7(b) (Supp. 1996); and
Count 4  Felon in Possession of Ammunition in violation of HRS § 134-7(b).
On January 6, 1998, the State filed: (1) a Motion for Sentencing of Repeat Offender based on the conviction for Robbery in the First Degree in Cr. No. 97-0984 and the convictions in Cr. No. 92-3411; and (2) a Motion for Mandatory Term of Imprisonment for Use or Threatened Use of a Semi-Automatic Firearm based upon the conviction for Robbery in the First Degree.[4] On February 26, 1998, Salis was convicted and originally sentenced as follows:
Count 1  A maximum term of imprisonment of twenty years for Robbery in the First Degree pursuant to HRS § 706-659 (Supp. 1996);
Count 2  A maximum term of imprisonment of twenty years for Place to Keep Loaded Pistol pursuant to HRS § 134-6(c) and (e) and, presumably, HRS § 706-660;
Count 3  A maximum term of imprisonment of five years for Felon in Possession of Firearm pursuant to HRS § 134-7(b) and (h) and, presumably, HRS § 706-660 (1993); and
Count 4  A maximum term of imprisonment of five years for Felon in Possession of Ammunition pursuant to HRS §§ 134-7(b) and (h) and, presumably, HRS § 706-660.
Pursuant to the State's January 6, 1998 motions in Cr. No. 97-0984, Salis was also sentenced to: (1) a mandatory minimum term of six years and eight months as a repeat offender pursuant to HRS § 706-606.5 (1993 & Supp. 1996); and (2) a mandatory term of imprisonment of fifteen years for the use or threatened use of a semi-automatic firearm pursuant to HRS § 706-660.1 (1993).
Each of the above-referenced sentences was to run concurrently with each other (and consecutively with the sentences in Cr. Nos. 97-0973 and 92-3411).
On December 4, 1998, the HPA set the following minimum terms in Cr. No. 97-0984:
Count 1  six years and eight months for Robbery in the First Degree;
Count 2  fifteen years for Place to Keep a Loaded Pistol;
Count 3  five years for Felon in Possession of Firearm; and
Count 4  five years for Felon in Possession of Ammunition.
On April 29, 1999, apparently sua sponte, the Circuit Court amended the judgment in Cr. No. 97-0984 (Amended Judgment), correcting certain of the sentences as follows:
Count 1  (Robbery in the First Degree) no change (twenty years);
Count 2  (Place to Keep Loaded Pistol) decreased from a maximum term of twenty years to a maximum term of ten years;
Count 3  (Felon in Possession of Firearm) increased from a maximum term of five years to a maximum of ten years of incarceration; and
Count 4  (Felon in Possession of Ammunition) increased from a maximum term of five years to a maximum term of ten years of incarceration.
All other terms of the sentencing in Cr. No. 97-0984 remained the same.
Nelson Goo represented Salis at the trial in Cr. No. 97-0984. Salis filed a direct appeal from his conviction and was represented by Christopher Evans on appeal. In his appeal, Salis raised the following issues: (1) whether the State committed misconduct in closing argument; and (2) whether the trial court erred in permitting the State to make certain statements in closing argument. On October 6, 1999, the Hawai`i Supreme Court issued a summary disposition order in S.Ct. No. 21427 affirming the Circuit Court's Amended Judgment in Cr. No. 97-0984.

II. THE RULE 40 PROCEEDINGS
On December 30, 2004, Salis filed the Rule 40 Petition, alleging that: (1) he was "denied access to the courts pursuant to repealed prison rule HAR 17-202-1(b)" because the inmate assisting him was punished for providing that assistance and Salis was denied appointed counsel; (2) the maximum sentences in Cr. No. 92-3411 and the (original and/or minimum and/or amended) sentences in Cr. No. 97-0984 exceeded the maximum sentence allowed by law; (3) he was denied access to the courts because letters to the paroling authority and a motion to the Circuit Court in Cr. No. 97-0973 requesting documents were ignored, and he did not get credit for time served in Cr. No. 92-3411 that he was entitled to, and he did not receive a hearing before the HPA after the Amended Judgment was filed in Cr. No. 97-0984 on April 29, 1999; (4) he was denied effective assistance of counsel because trial counsel failed to raise the following issues at trial: (a) in Cr. No. 97-0973, he was alleged to have used a firearm, but none was admitted into evidence; (b) in the Judgment filed in Cr. 97-0984 on February 26, 1998 his sentences of incarceration in Counts 3 and 4 are for five years each, but in the Amended Judgment, filed in the same case on April 29, 1999, he was sentenced to ten years of incarceration for each of Counts 2, 3, and 4 (in the Rule 40 Petition, Salis sought new counsel regarding the April 29, 1999 re-sentencing and mittimus in Cr. No. 97-0984, and regarding the HPA's determination of the minimum terms thereon); (5) in Cr. No. 97-0984, he was subjected to double jeopardy by the charges in Counts 3 and 4; and (6) he was entitled to have his claim transferred by the Circuit Court for disposition as a civil rights action.
By motions signed on January 28, 2005 and February 13, 2005, Salis requested appointment of counsel. The Circuit Court denied the motions without a hearing.
The Department of the Attorney General opposed grounds 1, 3, and 4 of the Rule 40 Petition and the Office of the Prosecuting Attorney was granted an extension of time to file a response to grounds 2, 5, and 6. On March 2, 2005, the Department of the Attorney General submitted proposed Findings of Fact, Conclusions of Law, and Order Denying Petitioner Zeph Kimo Salis's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody Without a Hearing to Salis. On April 4, 2005, Salis filed a notice of appeal docketed as appellate case No. 27213.
After Salis filed the notice of appeal, the Circuit Court filed Order #1. The Circuit Court held: (1) Salis did not have a right to conditional release before the expiration of a valid sentence; (2) the opinions of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), do not apply retroactively to Salis; (3) if Apprendi and Blakely did apply, the minimum term set by the HPA does not extend the prescribed statutory maximum term; (4) Salis has no standing to allege a denial of access to the courts because he has not shown an actual injury to his pursuit of his claims; (5) Salis failed to show any errors by his trial counsel reflecting lack of skill, judgment, or diligence which resulted in the withdrawal or substantial impairment of a meritorious defense; and (6) Salis's other contentions were without support in the record and denied. The Circuit Court concluded that Salis's claims were "patently frivolous and without support in the record or evidence submitted" and ordered the Rule 40 Petition denied without a hearing.
Subsequently, the Office of the Prosecuting Attorney filed its response to grounds 2, 5, and 6 of the Rule 40 Petition and the Circuit Court issued Order #2. The Circuit Court held: (1) Salis waived these issues by failing to raise them on his direct appeal; (2) the Circuit Court lost jurisdiction over the Rule 40 Petition when Salis filed the notice of appeal in S.Ct. No. 27213; (3) the opinions of Apprendi, 530 U.S. 466, and Blakely, 542 U.S. 296, do not apply retroactively to Salis; (4) Salis was sentenced pursuant to statute; (5) Salis failed to show any errors by his trial counsel reflecting lack of skill, judgment, or diligence which resulted in the withdrawal or substantial impairment of a meritorious defense; (6) Salis was not subject to double jeopardy in Cr. No. 97-0984 by his convictions in counts 3 and 4; (7) Salis was lawfully sentenced and not in violation of his civil rights; (8) Salis did not raise a colorable claim that would make the judgments, his custody, or restraint illegal; and (9) Salis's claims were patently frivolous and without any support in the record or the evidence alleged by Salis.
The Circuit Court denied the Rule 40 Petition without a hearing. Salis filed a notice of appeal on August 12, 2005 in this case, No. 27451.
On January 19, 2006, the Hawai`i Supreme Court dismissed the appeal in No. 27213 for failure to file an opening brief. In this case, the State filed a motion to dismiss the present appeal for lack of jurisdiction arguing that the Circuit Court was divested of jurisdiction when Salis filed his Notice of Appeal on Order #1 and, therefore, had no jurisdiction to enter Order #2, thus voiding this appeal. On May 30, 2006, the supreme court denied the motion to dismiss, holding that Order #2 was the final appealable order because the notice of appeal from Order #1 was jurisdictionally defective and invalid because the three grounds being addressed by the prosecutor remained pending when Order #1 was filed.

III. POINTS ON APPEAL
On this appeal, Salis appears to raise the following points of error:[5] (1) he was "denied access to the courts pursuant to Repealed Prison Rule HAR § 17-202-1(b)" because his "jailhouse lawyer," inmate Eugene Hutch, was told not to assist other inmates with legal matters and because he has no reasonable alternative to "receive adequate, effective and meaningful access to the courts;" (2) the minimum terms set by the HPA exceed the maximum sentences imposed on Salis and the maximum sentences required additional findings by the juries and/or are otherwise illegal; (3) he was denied access to the courts because employees of the State of Hawai`i failed to respond to his requests for records relating to his sentence and minimum terms; (4) his trial counsel was ineffective and he needs new counsel appointed; (5) he was subjected to double jeopardy in Cr. No. 97-0984 by the charges in Counts 3 and 4; and (6) he has alleged a cause of action based on a civil rights statute and is entitled to have the Rule 40 Petition treated as a civil complaint.
Both the Department of the Attorney General and the Office of the Prosecuting Attorney filed answering briefs. The Department of the Attorney General responded to Points 1, 3, and 4. The Office of the Prosecuting Attorney responded to Points 2, 5, and 6. In the answering brief filed by the Office of the Prosecuting Attorney, in response to Point 5, the prosecutor candidly acknowledges that the following conclusions in the Circuit Court's Order #2 are incorrect, but submits that they are harmless error:
5. Petitioner was sentenced pursuant to statute. The maximum indeterminate terms of imprisonment for the class A felony offense of Robbery in the First Degree is twenty (20); ten (10) years imprisonment for the class B felony offenses of Place to Keep Loaded Pistol, Possession of Firearm by a Person Convicted of Certain Crimes, Possession of Ammunition by a Person Convicted of Certain Crimes, Kidnapping and Robbery in the Second Degree; and five (5) years imprisonment for his class C felony offence of Unauthorized Control of Propelled Vehicle. H.R.S. Sections 706-659 and 706-660.
. . .
7. Petitioner has failed to carry his burden of establishing any legitimate factors to support his claim that he received ineffective assistance of counsel. Petitioner has failed to show that his counsel committed any errors reflecting lack of skill, judgment, or diligence which resulted in the withdrawal or substantial impairment of a meritorious defense. State v. Smith, 68 Haw. 304, 712 P.2d 496 (1986).
8. Petitioner has not been subjected to double jeopardy violations for being sentenced as a felon in possession of a firearm loaded with ammunition. On February 26, 1998, Petitioner was convicted as charged for the offenses of Possession of Firearm by a Person Convicted of Certain Crimes and Possession of Ammunition by a Person Convicted of Certain Crime according to H.R.S. Section 134-7(b) (1998). At the time Petitioner was charged, current policy considerations recognized that a felon who possessed a loaded handgun was a greater risk to society than one who possessed an unloaded firearm or loose ammunition.
11. Petitioner does not raise a colorable claim that would make his judgment, custody or restraint illegal. H.R.P.P. Rule 40(c)(3).
12. Petitioner's claims are patently frivolous and without a trace of support in the record or the evidence alleged by Petitioner. Where "the petitioner's allegations show no colorable claim, it is not error to deny the petitioner [sic] without a hearing." Dan v. State, 76 Hawaii 423, 879 P.2d 528 (1994), citing State v. Allen, 7 Haw. App. 89, 744 P.2d 789 (1987).

IV. DISCUSSION
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Salis's points of error as follows:
(1) The Circuit Court did not err in rejecting Salis's claim for relief addressed in Point 1. Salis does not even generally identify what case, matter, or instance for which he was seeking assistance and, therefore, provides no basis for granting relief or context in which to consider his bald assertion that he was denied access to the courts. Although we conclude that there was no error on this point, this conclusion should not be construed as a bar to referral for representation, pursuant to HRPP Rule 40(i), on remand related to the other points of error addressed below
(2) The Circuit Court erred, in part, when it denied Salis's request for relief as to the sentences imposed in Cr. No. 97-0984. Salis raises various subissues in Point 2 and in related references.[6]
First, contrary to Salis's assertion, in Cr. No. 92-3411, in determining the dates related to Salis's minimum and maximum sentences, the HPA credited Salis for nearly twenty-two months of prior detention time in accordance with HRS § 706-671. See Rule 40 Petition, Ex. G2. Therefore, the Circuit Court did not err in denying relief on that ground.
Second, the Circuit Court's sentencing of Salis to a mandatory minimum term in both Cr. No. 97-0973 and Cr. No. 97-0984 as a repeat offender and a mandatory minimum term for the possession or threatened use or use of a firearm while engaged in the commission of a felony in Cr. No. 97-0984 was not in error. The State's extended sentence motions were denied in both Cr. No. 97-0973 and Cr. No. 97-0984 and, therefore, the U.S. Supreme Court decisions in Apprendi and Blakely do not apply in this case.
Third, Salis's sentences in Cr. No. 97-0984, as amended, did not exceed the applicable statutory maximums. However, the Circuit Court nevertheless erred in finding that Salis did not raise a colorable claim related to his original February 28, 1998 sentencing and his April 29, 1999 re-sentencing in Cr. No. 97-0984. As was apparently realized at some point, Salis's original sentences of twenty, five, and five years, respectively, on Counts 2, 3, and 4 were inconsistent with the statutory provisions under which he was charged and convicted and therefore illegal. Specifically, in 1997: (a) as to Count 2 (Place to Keep Loaded Pistol), HRS § 134-6(e) provided that any "person violating this section by . . . possessing a loaded pistol or unloaded pistol or revolver without a license . . . shall be guilty of a class B felony" and HRS § 706-660 provided that "the court shall impose . . . [f]or a class B felony-10 years;" (b) as to Count 3 (Felon in Possession of Firearm), HRS § 134-7(b) provided that "[n]o person who . . . has been convicted. . . [of] a felony . . . shall own, possess or control any firearm or ammunition therefor" and HRS § 134-7(h) provided that "any felon violating subsection (b) shall be guilty of a class B felony;" and (c) Count 4 (Felon in Possession of Ammunition) was based on the same statutory provisions as Count 3. In sum, each of these sentences should have been for maximum terms of ten years.
Although the Amended Judgment attempted to correct these illegal sentences, it appears that the Circuit Court did not have jurisdiction to enter the Amended Judgment. The only reference in the record of Cr. No. 97-0984 to the April 29, 1999 Amended Judgment is the Amended Judgment itself. The record does not include any reference to a motion or notice or hearing related to the Amended Judgment, which was entered more than a year after judgment was originally entered against Salis, and Salis filed a notice of appeal from that February 26, 1998 Judgment. We also note that the record on appeal in Cr. No. 97-0984 was not amended to reflect the Amended Judgment prior to the supreme court's summary disposition of the appeal on October 7, 1999 in Sup. Ct. No. 21427.
HRPP 35(a) provides that a "court may correct an illegal sentence at any time." In contrast with HRPP Rule 35(b),[7] however, HRPP Rule 35(a) does not specifically provide that a court may do so after the filing of a notice of appeal. The Hawai`i Supreme Court has oft stated the general rule that the filing of a notice of appeal divests the lower court of jurisdiction. See State v. Ontiveros 82 Hawai`i 446, 448-49 923 P.2d 388, 390-91 (1996). We see no reason to deviate from the general rule in this case. Under the circumstances of this case, we conclude that the trial court did not have jurisdiction to sua sponte impose a corrected sentence, over one year after the notice of appeal was filed and while the supreme court's review of the original conviction and sentencing was still pending, without any prior notice to the defendant or opportunity to be heard on whether the corrected sentence was in fact correct and should have been allowed. See, e.g., State v. Delmondo, 67 Haw. 531, 533, 696 P.2d 344, 346 (1985) ("There may be circumstances under which even a corrected illegal sentence may be fundamentally unfair, thus violative of due process."). Thus, the Amended Judgment was void and the original illegal sentences on Counts 2, 3, and 4 remained in effect. These matters were properly subject to review pursuant to Salis's Rule 40 Petition.
Further complicating matters, the HPA did not hold a minimum sentencing hearing after the entry of the Amended Judgment. Pursuant to HRS § 706-669, the HPA was required to hold a hearing, and on the basis of the hearing, make an order fixing the minimum term of imprisonment, within six months of the April 1999 Amended Judgment. Thus, even if the Circuit Court had had jurisdiction to re-sentence him, Salis was entitled to a further hearing before the HPA including, upon proper request, appointment and assistance of counsel in preparation for and at the hearing before the HPA. See HRS § 706-669(3). Clearly, upon reduction of the sentence on Count 2 from twenty years to ten years, the minimum sentence on Count 2 would have had to have been reduced from fifteen years to a minimum sentence less than or equal to ten years.[8]
We return to the issue of the illegal sentences on the convictions on Counts 2, 3, and 4 in Cr. No. 97-0984. Upon remand of this case, the Circuit Court will have jurisdiction to correct the illegal sentences pursuant to HRPP 40(a)(1)(iii).[9] In State v. Fry, 61 Haw. 226, 230, 602 P.2d 13, 16 (1979), the supreme court emphasized the duty to correct illegal sentences noting, "[w]here the original punishment was invalid, as here, a correction which produces a valid sentence does not place the defendant in double jeopardy even if that correction increases his punishment." As noted above, upon Salis's resentencing, he will get a new minimum sentencing hearing before the HPA.
(3) With respect to Salis's Point 3 concerning denial of access to the courts regarding his sentencing issues, this court notes that, with the Rule 40 Petition, Salis submitted various correspondence to the HPA and a motion dated October 16, 2004 in Cr. No. 97-0973 that does not appear to be included in the record of that case. However, except as addressed elsewhere in this decision, Salis's claim of error in Point 3 does not state any discernible grounds for review of his claim that he was denied access to the courts. Therefore, except as otherwise subsumed in this ruling, the Circuit Court did not err in rejecting Salis's claim that he was denied access to the courts.
(4) Salis's Point 4 argues that the Circuit Court erred in rejecting his claims that he received ineffective assistance of counsel in Cr. No. 97-0973 and Cr. No. 97-0984. As to Cr. No. 97-0973, Salis's contention that there was no firearm in evidence in Cr. No. 97-0973 could have been raised on direct appeal. Salis has failed to demonstrate the existence of extraordinary circumstances necessary to rebut the presumption that he knowingly waived the issue. HRAP Rule 40(a)(3); Stanley v. State, 76 Hawaii 446, 450-51, 879 P.2d 551, 555-56 (1994). Therefore, the Circuit Court did not err in concluding that Salis did not raise a colorable claim that he was denied effective assistance of counsel in Cr. No. 97-0973.
As to Cr. No. 97-0984, however, as acknowledged by the State in the Answering Brief filed by the prosecutor's office, the Circuit Court erred in finding that Sails did not raise a colorable claim that he was denied effective assistance of counsel on his convictions and/or sentences for Counts 2, 3, and 4. Neither trial counsel nor appellate counsel objected to or otherwise raised the illegal twenty year sentence for Count 2, the mandatory minimum sentence for Count 2 that exceeded the maximum sentence for Count 2 upon the entry of the (now void) Amended Judgment, or the double jeopardy on Counts 3 and 4.
(5) Regarding Salis's Point 5, the Circuit Court erred in concluding that Salis's claim that he was subjected to double jeopardy in Cr. No. 97-0984 was patently frivolous. This issue requires a determination of whether HRS § 134-7(b) intended multiple punishments for the possession of a firearm and the ammunition within that firearm. As acknowledged by the State, the Circuit Court erred in concluding that Salis was not subject to double jeopardy in Cr. No. 97-0984 by his convictions in Counts 3 and 4. See State v. Auwae, 89 Hawaii 59, 65, 968 P.2d 1070, 1076 (App. 1998), reversed on other grounds by State v. Jenkins, 93 Hawaii 87, 997 P.2d 13 (2000). This court held in Auwae, that multiple punishments are not authorized by HRS § 134-7(b) for the possession of a firearm and for the ammunition in the firearm. Auwae, 89 Hawaii at 70, 968 P.2d at 1081. Therefore, Salis's convictions on both Counts 3 and 4 in Cr. No. 97-0984 subjected him to double jeopardy.
We do not, as urged by the State, conclude that the Circuit Court's refusal to convene a hearing on this matter constituted harmless error that should be corrected on appeal without further hearing. We appreciate the prosecuting attorney's forthright recognition that Salis raised a colorable claim that his counsel did not provide him with effective assistance. However, in light of the ineffective assistance in conjunction with the exposure of Salis to double jeopardy, and the illegal sentencing, which affected Counts 2, 3, and 4 in Cr. No. 97-0984, and the difficulties inherent in reviewing pro se matters, we conclude that a remand for further proceedings, including a hearing, is warranted in this case. Such further proceedings will afford the State and appointed counsel for Salis an opportunity to argue what approach should be adopted to obviate the errors in this case. See, e.g., State v. Padilla, 114 Hawaii 507, 517-18, 164 P.3d 765, 775-76 (App. 2007).[10]
(6) The Circuit Court did not err in denying Salis relief in a civil action as submitted in Point 6. Contention 6 is patently frivolous and without any support in the record or the evidence alleged by Salis. Salis has failed to identify any grounds for civil relief and therefore failed to "demonstrate that the alleged shortcomings in the [prison] library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

V. CONCLUSION
For the foregoing reasons, we affirm in part and vacate in part Order #1 and Order #2 as follows:
(1) We affirm the Circuit Court's rulings denying all claims for relief in the Rule 40 Petition related to the resentencing upon revocation of probation in Cr. No. 92-3411;
(2) We affirm the Circuit Court's rulings denying all claims for relief in the Rule 40 Petition related to the judgment of conviction and sentencing in Cr. No. 97-0973;
(3) To the extent that any claims were presented, we affirm the Circuit Court's rulings denying any claim for relief in the Rule 40 Petition related to: (a) the December 3, 1997 judgment of conviction and February 26, 1998 sentencing on Count 1 in Cr. No. 97-0984; (b) the mandatory minimum sentence of six years and eight months imposed on Salis in Cr. No. 97-0984 as a repeat offender pursuant to HRS § 706-606.5; and (c) the mandatory minimum sentence of fifteen years imposed on Salis in Cr. No. 97-0984 for the use or threatened use of a semi-automatic firearm pursuant to HRS § 706-660.1; and
(4) We vacate and remand for further proceedings not inconsistent with this order the Circuit Court's rulings denying that Salis raised a colorable claim for relief related to: (a) the Amended Judgment entered in Cr. No. 97-0984; and (b) Counts 2, 3, and 4 in Cr. No. 97-0984, including Salis's claims for ineffective assistance of counsel. Upon the re-sentencing of Salis on one or more of Counts 2, 3, and 4 in Cr. No. 97-0984, the HPA shall conduct a further hearing pursuant to and in accordance with HRS § 706-669 and, on the basis of that hearing, enter an order fixing the minimum terms of imprisonment in Cr. No. 97-0984, which minimum terms shall be consistent with this order and the further order of the Circuit Court.
NOTES
[1] The Honorable Michael A. Town presided.
[2] HRS § 708-841 has since been amended. However, the version of the statute set forth in the 1993 Replacement set of the Hawaii Revised Statutes was in effect in 1992 and is applicable to this case.
[3] The State also filed a Motion for Extended Term of Imprisonment in 97-0973, based on Salis's status as a multiple offender, but this motion was denied.
[4] The State also filed a Motion for Extended Term of Imprisonment in Cr. No. 97-0984, based on Salis's status as a multiple offender, but this motion was denied.
[5] On February 14, 2006, Salis filed pro se a handwritten opening brief including, as an attachment, a typed document entitled "Petitioner-Appellant's Opening Brief" which references and attaches Salis's Rule 40 Petition and Exhibits Al through K attached thereto. On March 29, 2006, Salis filed pro se an "Amended Opening Brief", a typed document which included references to the previously filed brief. We read these documents together in order to understand and review the six cross-referenced points raised by Salis on appeal.
[6] Salis expanded on some of the subissues in Point 3, but we address them here as they are logically related to his sentencing issues.
[7] HRPP Rule 35(b) provides, in part (emphasis added): "The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence." There was no motion to reduce sentence in this case.
[8] The revised minimum sentence for Count 2 would have had no effect on the Circuit Court's Order Granting the State's Motion for Mandatory Term of Imprisonment for Use or Threatened Use of a Semi-Automatic Firearm pursuant to HRS § 706-660.1, which mandated a fifteen-year minimum term in connection with Salis's First Degree Robbery conviction (Count 1) in Cr. No. 97-0984. It appears that the HPA mistakenly applied the fifteen-year minimum to Count 2, rather than Count 1.
[9] As discussed in Point 5 below, Salis cannot be resentenced on both Counts 3 and 4 in Cr. No. 97-0984.
[10] In State v. Padilla, 114 Hawaii 507, 517-18, 164 P.3d 765, 775-76 (App. 2007), the Circuit Court was found to have committed plain error when it failed to give an HRS § 701-109(1)(e) (1993) instruction regarding the possible merger of Count 3 (felon-in-possession in violation of HRS § 134-7(b) (1993)) and Count 4 (place-to-keep in violation of HRS § 134-6(c)) in that case. On remand, the State was given the option of: (1) dismissing either Count 3 or 4 and retaining the judgment of conviction and sentence on the nondismissed count; or (2) retrying Padilla on both Counts 3 and 4 with an appropriate merger instruction. We reference Padilla for the proposition of remanding for the determination of the appropriate remedy. We recognize that the double jeopardy issue raised by Salis as to the two felon-in-possession counts in this case is not identical to the merger issue raised by Padilla as to the felon-in-possession and place-to-keep counts in that case.