**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000122**
**30-JUL-2021**
**07:56 AM**
**Dkt. 117 SO**

NO. CAAP-19-0000122

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee/Cross-Appellant
v.
RAFAEL ARROYO, Defendant-Appellant/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC15-1-000379(2))

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant/Cross-Appellee Rafael Arroyo (**Arroyo**) appeals from the "Amended Judgment; Conviction and Sentence" (**Amended Judgment of Conviction and Sentence**), entered on February 5, 2019, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]  Plaintiff-Appellee/Cross-Appellant State of Hawaiʻi (**State**) cross-appeals from the Circuit Court's "Order Granting Defendant's Motion in Limine No. 3," entered on April 17, 2017.

On June 7, 2017, a jury found Arroyo guilty as charged of two counts of Burglary in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-810(1)(c) (2014) (**Burglary**

_____

[1]  The Honorable Peter T. Cahill presided.

**First**)[2] for incidents on May 31, 2015 (**Count One**), and on May 29, 2015 (**Count Three**).

On July 26, 2018, the Circuit Court entered judgment sentencing Arroyo to ten years on Count One and seven years and six months on Count Three, to run consecutively.  The Circuit Court subsequently vacated that sentence as illegal, then reinstated it to amend Count Three to ten years of imprisonment, to run consecutive to Count One.

On appeal, Arroyo contends that: (1) on February 5, 2019, the Circuit Court intentionally and knowingly entered an illegal sentence and abused its judicial authority; and (2) the Circuit Court abused its discretion in denying Motion in Limine (**MIL**) No. 2 which sought to preclude admission of State's Exhibit 17, a socket wrench that was found in proximity to Arroyo when he was arrested in the complaining witness's (**CW**) home, and in giving a limiting instruction related to the socket wrench.

In its cross-appeal, the State contends the Circuit Court erred as a matter of law in granting Arroyo's MIL No. 3 to exclude bad acts evidence.

Upon careful review of the record in this case, the issues raised and arguments made by the parties and the applicable authority, we resolve Arroyo's points on appeal and affirm.  We need not reach the State's cross-appeal.

**(1)**  Arroyo argues in his first point of error that the Circuit Court's intentional reinstatement of the July 26, 2018 illegal sentence is unlawful and the sentence is a nullity *ab*

---

[2]  HRS § 708-810(1)(c) provides:

> **§708-810 Burglary in the first degree**.  (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
>
> . . . .
>
> (c)    The person recklessly disregards a risk that building is the dwelling of another, and the building is such a dwelling.

*initio.*  In the "Court's Sua Sponte Findings of Fact; Conclusions of Law; Order," entered on January 18, 2019, the Circuit Court concluded that the July 26, 2018 Judgment of Conviction and Sentence did not conform to HRS § 706-660 (2014)[3] and constituted an illegal sentence.  The court vacated the illegal sentence and ordered resentencing pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 35.[4]  On January 24, 2019, the State filed a motion to amend the (previously vacated) July 26, 2018 Judgment of Conviction and Sentence.

At resentencing, the Circuit Court indicated that it would construe the State's motion to amend judgment as a motion to reconsider the *sua sponte* vacatur of the July 26, 2018 illegal sentence, reinstate it, and grant the amendment to reflect the ten-year sentence on Count Three, as statutorily mandated.  On February 5, 2019, the court entered the Amended Judgment of Conviction and Sentence.

---

[3]  HRS § 706-660 (2014) provides, in relevant part:

> **§706-660  Sentence of imprisonment for class B and C felonies; ordinary terms; discretionary terms.**  (1) Except as provided in subsection (2), a person who has been convicted of a class B or class C felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706-660.1 relating to the use of firearms in certain felony offenses and section 706-606.5 relating to repeat offenders.  When ordering such a sentence, <u>the court shall impose the maximum length of imprisonment</u> which shall be as follows:
>> (a)  <u>For a class B felony-ten years</u>; and
>> (b)  For a class C felony-five years.

(emphases added).

[4]  HRPP Rule 35 provides, in pertinent part:

> **Rule 35.  Correction or reduction of sentence.**
>
> (a)  *Correction of illegal sentence*.  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.  A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.  A motion to correct a sentence that is made within the 90 day time period shall empower the court to act on such motion even though the time period has expired.

Pursuant to HRS § 706-660(1)(a), the mandatory indeterminate sentence for Burglary First, which is a class B felony under HRS § 708-810(3), is ten years.  Hence, the Circuit Court's imposition of seven years and six months on Count Three constituted an illegal sentence, which no party disputes.  The court is duty-bound to correct an illegal sentence pursuant to HRPP Rule 35.  See State v. Delmondo, 67 Haw. 531, 533, 696 P.2d 344, 345-46 (1985) (holding trial court had duty to impose mandatory minimum sentence upon defendant as a repeat offender when that fact was made evident to the court following initial sentencing); State v. Fry, 61 Haw. 226, 229, 602 P.2d 13, 16 (1979) ("Because both the original oral sentences and the amended sentences did not conform to the statute, they were illegal, and the court had the duty to correct them pursuant to Hawaii Rules of Penal Procedure, Rule 35.") (citations omitted).

"As Rule 35 provides for the correction of an illegal sentence 'at any time,' it is expressly not limited as to the time when a motion to correct may be brought.  The court can always reform an illegal sentence.  This is true even after the defendant has begun to serve the void sentence." Fry, 61 Haw. at 230-31, 602 P.2d at 16 (citation omitted).  Moreover, both the United States Supreme Court and Hawaiʻi Supreme Court have declared that there is no double jeopardy when an illegal sentence is altered, even though severity of the sentence is increased.  Delmondo, 67 Haw. at 532, 696 P.2d at 345 (citing Bozza v. United States, 330 U.S. 160, 166 (1947); Fry, 61 Haw. at 230, 602 P.2d at 16).

Here, no party filed an HRPP Rule 35 motion but the Circuit Court *sua sponte* concluded as a matter of law that the July 26, 2018 sentence was illegal and vacated it.  However, without an illegal sentence to correct, the Circuit Court subsequently reinstated the original July 26, 2018 judgment and then corrected the portion that was illegal, *i.e.*, the sentence of seven-and-a-half-years on Count Three.  This was not an abuse of discretion and there is no reason to render the entire illegal

4

sentence a nullity *ab initio*.  See Bozza, 330 U.S. at 166–67 (rejecting the "doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence." (citations omitted)).

The Circuit Court did not err or abuse its authority, but rather fulfilled a duty to correct the July 26, 2018 illegal sentence.  Therefore, we do not disturb Arroyo's sentence as corrected by the Circuit Court.

**(2)**  Arroyo asserts in his second point of error that a reasonable trier of fact could not possibly infer proof beyond a reasonable doubt of an intent to commit a crime "against a person" from the mere presence of the socket wrench within Arroyo's proximity and, without some other circumstantial evidence of Arroyo's intent, the socket wrench has insufficient probative value to establish his state of mind.

In MIL No. 2, Arroyo sought to exclude evidence of a socket wrench, which was found in proximity to Arroyo upon his arrest on May 31, 2015, when he was found in the CW's home and in her bed.  Arroyo argued the socket wrench is irrelevant to the issue of his intent to commit burglary, and that even if it were relevant, it must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.  The State argued that admission of the socket wrench would show that Arroyo was armed when he entered the CW's home, permitting an inference that Arroyo intended to use the weapon against the CW, and thus entered the CW's home with intent to commit a crime therein against her.  The Circuit Court denied MIL No. 2, but prohibited any reference to and receipt of the socket wrench into evidence before a foundation was laid.

Prior to the start of trial on June 6, 2017, the Circuit Court advised the parties that proximity of the socket wrench to Arroyo would be a factor for the jury to decide and that a limiting instruction would confine the jury's consideration of the socket wrench to Arroyo's intent to commit a crime against a person on May 31, 2015, only.

For the offense of burglary, the evidence must show unlawful entry in a building with the intent to commit therein a crime against a person or property rights, not that a crime was actually committed in the building.  "Based on the plain language of the statute and the historical development of the offense of burglary, . . . in order to sustain a burglary conviction, the evidence must show that the unlawful entry was effected for the purpose of committing an offense against a person or property rights."  State v. Mahoe, 89 Hawaiʻi 284, 288, 972 P.2d 287, 291 (1998).  "The intent to commit the offense must have existed at the time the unlawful entry was made."  Id.  "[T]he crime intended to be committed on the premises does not have to be committed in order to make the act of entering or remaining the crime of burglary, only the intent must be formed."  State v. Robins, 66 Haw. 312, 314, 660 P.2d 39, 41 (1983).  Nonetheless,

> [t]he law recognizes the difficulty by which intent is proved in criminal cases.  We have consistently held that since intent can rarely be proved by direct evidence, proof of circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent.  Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all of the circumstances.

State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) (quoting State v. Kiese, 126 Hawaiʻi 494, 502-03, 273 P.3d 1180, 1188-89 (2012)).

A reasonable mind might fairly conclude beyond a reasonable doubt from all the circumstantial evidence, not just the "mere presence" of the socket wrench within Arroyo's proximity, that Arroyo unlawfully entered the CW's house on May 31, 2015, with the intent to commit an offense against her.  The foundation for the socket wrench's existence had been laid and the evidence received was in the context that two days prior, on May 29, 2015, Arroyo (the CW's ex-boyfriend) had pushed his way into the CW's house and later opened the CW's locked bedroom door and punched her unconscious.  Further, the CW testified that the socket wrench did not belong to her.  Hence, the evidence of the socket wrench was relevant to whether Arroyo had unlawfully

entered and remained in the CW's residence on May 31, 2015, with intent to commit a crime against the CW.

The Circuit Court gave a limiting instruction immediately upon receipt of the socket wrench into evidence,[5] the sufficiency of which Arroyo never challenged in Circuit Court. Against the backdrop of HRPP Rules 30(f) and 52,[6] the Hawaiʻi Supreme Court has held that:

> As a general rule, jury instructions to which no objection has been made at trial will be reviewed only for plain error. *[State v.] Pinero*, 75 Haw. [282,]

---

[5]  The Circuit Court's limiting instruction was as follows:

> THE COURT: Ladies and gentlemen of the jury, I will provide you with what's called a limiting instruction.  On Exhibit 17, you may only consider this particular physical item as it may relate to the defendant's alleged state of mind and as it relates only as to Count One of the charging document in which the State alleges that the defendant committed the offense of burglary in the first degree.
> You'll be given further instructions at the end of the case that will clear that up.  But you may only consider it for that one issue in that one count. Thank you.

[6]  HRPP Rule 30 provides, in pertinent part:

> **Rule 30.  Instructions to the jury**.
>
> . . . .
>
> (f) *Instructions and objections.* .... No party may assign as error the giving or the refusal to give, or the modification of, an instruction, whether settled pursuant to subdivision (b) or subdivision (c), of this rule, unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.  Opportunity shall be given to make the objection out of the hearing of the jury. Objections made to instructions at the time they were settled shall be deemed preserved even though not restated after the court has instructed the jury.

HRPP Rule 52 provides:

> **Rule 52.  Harmless error and plain error**.
>
> (a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
>
> (b) *Plain Error*.  Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

> 291-2, 859 P.2d [1369,] 1374 [(1993)].  If the
> substantial rights of the defendant have been affected
> adversely, the error will be deemed plain error.  *Id.*
> Further, this Court will apply the plain error
> standard of review to correct errors which seriously
> affect the fairness, integrity, or public reputation
> of judicial proceedings, to serve the ends of justice,
> and to prevent the denial of fundamental rights.
> *State v. Fox*, 70 Haw. 46, 56, 760 P.2d 670, 676
> (1988); *see also State v. Kahalewai*, 56 Haw. 481, 491,
> 541 P.2d 1020, 1026 (1975).

State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006)
(quoting State v. Sawyer, 88 Hawaiʻi 325, 330, 966 P.2d 637, 642
(1998)).

Here, Arroyo did not object to the Circuit Court's
limiting instruction.  In fact, both parties agreed to the
limiting instruction.  Arroyo also did not object when the
Circuit Court charged the jury, or upon the court's final
instructions.

Moreover, we conclude there was no plain error in the
Circuit Court's limiting instruction regarding the socket wrench.
The limiting instruction properly confined the jury's
consideration of the socket wrench to Arroyo's state of mind as
it related to Count One for Burglary First on May 31, 2015, only.
The limiting instruction alleviated the risk of unfair prejudice
because a jury is presumed to have followed the court's
instructions.  See State v. Matuu, 144 Hawaiʻi 510, 520, 445 P.3d
91, 101 (2019) (quoting State v. Knight, 80 Hawaiʻi 318, 327, 909
P.2d 1133, 1142 (1996) ("juries are presumed to ... follow all of
the trial court's instructions[.]" (ellipsis in original)).

In sum, we conclude the Circuit Court did not err in
denying Arroyo's MIL No. 2, admitting the socket wrench into
evidence, and giving the limiting instruction.

**(3)**  We need not address the State's cross-appeal.  The
State's arguments in its cross-appeal address issues related to
Count One and Count Three, and based on our rulings above
Arroyo's convictions on Count One and Count Three are affirmed.

Therefore, the Amended Judgment of Conviction and Sentence entered on February 5, 2019, by the Circuit Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, July 30, 2021.

On the briefs:

John F. Parker,
(Law Office of John F.
Parker, LLC)
for Defendant-Appellant/Cross-
Appellee.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee/Cross-
Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge